IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEMETRIUS BROWN, )<br> Plaintiff, )<br> )<br> )<br> v. )<br> )<br>U.S. JUSTICE DEPARTMENT, )<br>BUREAU OF PRISONS, FCI MCKEAN )<br>WARDEN JOHN J. LAMANNA, REGIONAL<br>DIRECTOR D. SCOTT DODRILL, )<br>MEDICAL DIRECTOR, DIRECTOR HARLEY<br>G. LAPPIN, )<br> Defendants. ) | Civil No. 04-379E<br><br>Judge McLaughlin<br>Magistrate Judge Baxter |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO EXTEND TIME FOR FILING A RESPONSIVE
PLEADING AND/OR DISPOSITIVE MOTION**

 **COMES NOW, DEMETRIUS BROWN**, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, Erie Division, in opposition to Defendants' Motion to Extend Time for Filing a Responsive Pleading and/or Dispositive Motion. In support, Plaintiff opposes:

 1. In paragraph one (¶1) Defendants' averment that Plaintiff's complaint was filed on December 28, **2005** and that the complaint seeks $10 Million in damages for alleged exposure to secondhand smoke during incarceration at federal prison located in McKean, Pennsylvania. Plaintiff affirms that his complaint was filed in

**RECEIVED**

**NOV 28 2005**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVA

December of **2004** and that the complaint seeks $10 Million in damages for exposure to secondhand smoke during incarceration at federal prison located in **Bradford**, Pennsylvania.

2. In paragraph three (¶3) Defendants' averment of the need for additional time due to individuals requesting representation from the Department of Justice and because the United States Attorney may not represent individuals until such requests are approved by the Department of Justice, and that no such approval has yet been received. Plaintiff affirms that process/summons dated for August 30, 2005 and given to U.S. Marshals for service mailed September 14, 2005 to Defendants' with directions for an answer to complaint within sixty (60) days after service of summons was sufficient time as according to Federal Rules of Civil Procedure 4(a). That, process/summons directed, if Defendants' fail to answer within the time allotted, a judgment by default would be taken against them for the relief demanded in the complaint. That, return shows that U.S. Marshals have with good faith executed process/summons upon Defendants. But that, on October 20, 2005, the return to Court unexecuted with no response to waiver by mail. Which, at that time, on October 26, 2005, the Court issued order that United States Marshals make personal service upon Defendants. Thus, Defendants have had sufficient time to answer complaint according to the rules in which they were noticed of default for failing to do so. And, regardless to lack of representation, individual

Defendants' status as employees of the Federal Bureau of Prisons whose conduct in in question under Tort laws qualifies that the Justice Department represent such individuals and not abuse the time requirements for response. Otherwise, Plaintfiff affirms that the rules would be meaningless and Due Process non effective. Further, as it may be, with no approval by the Justice Department, this Motion for Extension of Time would seem an obvious unauthorized representation and therefore an invalid request on the part of counsel.

    3. In paragraph four (¶4), Defendants' averment for additional time due to the current litigation demands of defense counsel. Plaintiff affirms that the United States Attorney is housed with the exhaustive means and wares of material, equipment, and staff for which to handle many fronts to litigating cases. Whereas, Plaintiff is only one sole person with limited material and equipment which goes to note that the playing field is not exactly equal for deserving defense counsel additional time.

    4. In paragraph five (¶5), Defendants' averment to a request for an additional thirty (30) days or until December 19, 2005, to respond to Plaintiff's complaint. Plaintiff affirms thirty (30) days or until December 19, 2005 is entirely too much time should the Court grant extension. An additional thirty (30) days would amount to a ninety (90) day service of process receipt and return for which to answer complaint and fly right in the face of Plaintiff rights and the rules for which he has abided by thus far.

5. In paragraph six (¶6) Defendants' averment to not waiving any defense which may be asserted in this case. Plaintiff affirms that the Motion for extension of time comes one day shy of the deadline of sixty (60) days for which to respond as acknowledged by Defendants that that day be November 18, 2005. The Motion for Extension of Time filed November 17, 2005 is virtually already a waiver of the time to make an answer to the complaint due the next day where motion to seek extension was not sought well in advance to the impending deadline. That, this is evident of bad faith on the part of Defendants and should not be held against Plaintiff for its last minute admission.

Finally, Plaintiff affirms according to paragraph seven (¶7) that Defendants' have not contacted Plaintiff as to his consent or opposition to their request for Extension of Time until receipt by mail on November 21, 2005. Plaintiff affirms however, that with Due Process, he does now opposes the Defendants' request for Extension of Time for the above stated reasons and that they have failed to show excusable neglect in order for time to extend to answer complaint.

WHEREFORE, Plaintiff respectfully request that this Court deny the Defendants' request for a thirty (30) day extension, or until December 19, 2005, to file their responsive pleading and/or dispositive motion to Plaintiff's complaint.

Respectfully submitted,

Dated: 11/22/05

*Demetrius Brown*
Demetrius Brown
Reg. No. 21534-039
FCI RayBrook
P.O. Box 9001
RayBrook, NY. 12977

**AFFIRMATION**

I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME FOR FILING A RESPONSIVE PLEADING AND/OR DISPOSITIVE MOTION is true and correct.

11/22/05
Dated

/s/ Demetrius Brown