IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-379E |
| ) | |
| U.S. JUSTICE DEPARTMENT, ) | JUDGE MCLAUGHLIN |
| BUREAU OF PRISONS, FCI MCKEAN ) | MAGISTRATE JUDGE BAXTER |
| WARDEN JOHN J. LAMANNA, ) | |
| REGIONAL DIRECTOR D. SCOTT ) | Electronically Filed |
| DODRILL, MEDICAL DIRECTOR, ) | |
| DIRECTOR HARLEY G. LAPPIN, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF THE UNITED STATES'
MOTION FOR SUBSTITUTION OF PARTY**

On December 28, 2005, *pro se* prisoner Demetrius Brown filed a Complaint in the above-captioned action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* In the Complaint, plaintiff seeks $10 million in damages for personal injuries allegedly caused by plaintiff's alleged exposure to secondhand smoke during his incarceration at a federal prison located in McKean County, Pennsylvania ("FCI McKean"). Plaintiff subsequently filed a Motion to Amend Complaint Correcting Typographical Error and Adding Cure to Jurisdictional Deficiency, which was granted by Order dated May 9, 2005.

As defendants, plaintiff has named the U.S. Justice Department, Bureau of Prisons, FCI McKean, Warden John J. LaManna, Regional Director D. Scott Dodrill, Medical Director and Director Harley G. Lappin.[1] For the reasons that follow, however, the named defendants should

---

[1] Although plaintiff named only an unidentified "Medical Director," the docket sheet has recently been changed to name Newton E. Kendig as that defendant.

be dismissed from this action with prejudice, and the United States of America should be substituted as defendant for all further proceedings in this case.

## ARGUMENT

The FTCA provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d). In other words, the FTCA provides that, upon certification by the Attorney General that an employee acted within the scope of his employment at the time of the incident out of which a suit arose, the United States shall be substituted as the party defendant.

Applying section 2679(d) to this case, the United States should be substituted for defendants Warden John J. LaManna, Regional Director D. Scott Dodrill, Medical Director Newton E. Kendig, and Director Harley G. Lappin (the "Individual Defendants"). The Attorney General of the United States, by Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, has certified that Individual Defendants were acting within the scope of their employment at the time of the incidents alleged in the Complaint and Amended Complaint. *See Certification of Scope of Employment* (attached as Exhibit A). Indeed, during the relevant time period, the Individual Defendants were employees of the Federal Bureau of Prisons. The Individual Defendants are entitled, therefore, to individual immunity from suit under the FTCA.

Further, the FTCA provides that all actions arising thereunder must be brought in the name of the United States, not in the name of any federal entity or agency. 28 U.S.C. § 2679(a).

Because the FTCA's waiver of sovereign immunity extends only to the United States – and not its employees or specific federal agencies – the United States is the only proper defendant in an action brought under the FTCA.  *See, e.g., Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (affirming dismissal of Postal Service in FTCA action because the United States is the only proper defendant in such an action); *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."); *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985) ("The United States is the only proper party in an action pursuant to the [FTCA], and the FTCA does not grant federal courts jurisdiction over actions against individual defendants such as employees.") (internal citations omitted); *McNiff v. Asset Management Specialists, Inc.,* 337 F. Supp. 2d 685, 691 (E.D. Pa. 2004) ("It is well-settled that the United States of America is the only proper party in a suit pursuant to the Federal Tort Claims Act.").  Accordingly, the U.S. Justice Department, Bureau of Prisons, FCI McKean and the Individual Defendants should be dismissed from this FTCA action.

## CONCLUSION

For all the foregoing reasons, the Court should grant the United States' Motion for Substitution of Party, and issue an Order substituting the United States of America as defendant, replacing defendants the U.S. Department of Justice, Bureau of Prisons, FCI McKean, Warden John J. LaManna, Regional Director D. Scott Dodrill, Medical Director Newton Kendig and Director Harley G. Lappin, and dismissing the defendants named in the Complaint from this action with prejudice.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney

        /s/ Megan E. Farrell
        MEGAN E. FARRELL
        Assistant U.S. Attorney
        Western District of PA
        700 Grant St., Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7429
        PA ID # 76972

        Counsel for the United States of America

Dated: January 3, 2006