IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-379E |
| | ) | |
| U.S. JUSTICE DEPARTMENT, | ) | JUDGE MCLAUGHLIN |
| BUREAU OF PRISONS, FCI MCKEAN | ) | MAGISTRATE JUDGE BAXTER |
| WARDEN JOHN J. LAMANNA, | ) | |
| REGIONAL DIRECTOR D. SCOTT | ) | Electronically Filed |
| DODRILL, MEDICAL DIRECTOR, | ) | |
| DIRECTOR HARLEY G. LAPPIN, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF THE UNITED STATES'
MOTION TO STRIKE DEMAND FOR TRIAL BY JURY**

On December 28, 2005, *pro se* prisoner Demetrius Brown filed a Complaint in the above-captioned action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. In the Complaint, plaintiff seeks $10 million in damages for personal injuries allegedly caused by plaintiff's alleged exposure to secondhand smoke during his incarceration at a federal prison located in McKean County, Pennsylvania ("FCI McKean"). Plaintiff subsequently filed a Motion to Amend Complaint Correcting Typographical Error and Adding Cure to Jurisdictional Deficiency, which was granted by Order dated May 9, 2005.

At the time the Complaint and Amended Complaint were filed, plaintiff demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. (*See* Am. Compl. at Wherefore Cl., ¶ 5.) The United States has filed a motion, pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, to strike plaintiff's demand for trial by jury because this action has been brought pursuant to the FTCA, and the FTCA does not permit a jury trial.

**ARGUMENT**

Congress had explicitly directed that all actions brought pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*, must be adjudicated by a district court judge without a jury. In pertinent part, 28 U.S.C. § 2402 provides that: "Any action against the United States under section 1346 [of Title 28, United States Code] shall be tried by the court without a jury." This clear mandate has been recognized by courts in numerous decisions. *See, e.g., United States v. Neustadt*, 366 U.S. 696, 700 n.1 (1961) ("There is no right to a jury trial under the Tort Claims Act."); *Andrade v. Chojnacki,* 338 F.3d 448, 457 (5th Cir. 2003) ("The FTCA does not grant plaintiffs the right to a jury trial."); *City of Pittsburgh v. United States*, 74 F.R.D. 555, 557 (W.D.Pa. 1977) (striking demand for jury trial); *Moffitt v. United States*, 430 F. Supp. 34, 38 (E.D.Tenn. 1976) (same).

Any argument that the controlling statute, 28 U.S.C. § 2402, which denies a right of jury trial, violates the Seventh Amendment to the United States Constitution is also without merit. Because suits against the United States Government require a legislative waiver of immunity, they are not "suits at common law" within the meaning of the Seventh Amendment. *See Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978); *Brown v. U.S. Merit Sys. Protection Bd.*, No. CV-92-2496 (CPS), 1996 WL 148456, at *4 (E.D.N.Y. 1996) (citing *Birnbaum,* 588 F.2d at 335). Accordingly, the Seventh Amendment does not apply.

Inasmuch as plaintiff's claims in this case are brought pursuant to the FTCA, with jurisdiction based upon 28 U.S.C. § 1346(b), and inasmuch as a right of trial by jury does not exist for such claims under 28 U.S.C. § 2402, plaintiff's action against the United States of America must be tried by the Court without a jury.

## CONCLUSION

For all the foregoing reasons, the United States' Motion to Strike Demand for Trial by Jury should be granted, and the Court should strike plaintiff's demand for a jury trial.

                                    Respectfully submitted,

                                    MARY BETH BUCHANAN
United States Attorney

/s/ Megan E. Farrell
MEGAN E. FARRELL
Assistant U.S. Attorney
Western District of PA
700 Grant St., Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
PA ID # 76972

Counsel for the United States of America

Dated: January 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2006, a true and correct copy of the within United States' Motion to Strike Demand for Trial by Jury and Brief in Support thereof was served via first-class mail upon the following:

>Demetrius Brown
>#21534-039
>FCI Raybrook
>P.O. Box 9001
>Raybrook, NY 12977

>/s/ Megan E. Farrell
>MEGAN E. FARRELL
>Assistant U.S. Attorney