# Exhibit 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BROWN,<br>        Plaintiff, | :<br>:<br>: |
| - v - | :   Civil Action No.04-379 (Erie) |
| UNITED STATES DEPARTMENT<br>    OF JUSTICE, et al.,<br>        Defendants. | :<br>:<br>:<br>: |

### DECLARATION OF JOYCE HORIKAWA

I, Joyce M. Horikawa, make the following declaration under penalty of perjury:

1. I am a Senior Attorney Advisor, employed by the United States Department of Justice, Federal Bureau of Prisons, at the Northeast Regional Office in Philadelphia, Pennsylvania. I have been employed in this position since approximately April 8, 2001. Pursuant to my official duties, I have access to most records maintained in the ordinary course of business at the Federal Bureau of Prisons Northeast Regional Office, including all records maintained on the Bureau of Prisons computerized data base. I am familiar with Bureau of Prisons regulations governing the administrative remedy process for inmates, codified at 28 C.F.R. § 542.10, et seq., as well as the regulations governing the administrative tort claim process, codified at 28 C.F.R. §§ 543.30-.32..

2. Pursuant to the Federal Tort Claims Act, a claim for money damages for personal injury or death and/or damage to or loss of property against the United States may be filed by an injured party (or a person representing the injured party) with the appropriate federal agency for an administrative determination as to whether money damages should be awarded to the injured party for the alleged negligent damage, loss, injury or death. 28 C.F.R. § 543.30. Under Bureau of Prisons regulations, an injured party seeking damages for injury or loss accruing from staff negligence at a Federal Bureau of Prisons facility located in the state of Pennsylvania, would file

his/her administrative tort claim with the Federal Bureau of Prisons, Northeast Regional Counsel. 28 C.F.R. §§ 503.2, 543.31.

3. Under the applicable regulations, the denial of a claim by either the Bureau of Prisons Regional Counsel or Office of the General Counsel constitutes a final administrative action, and if a claimant is dissatisfied with the final action, he/she may file suit in an appropriate U.S. District Court as no further administrative action is available. 28 C.F.R. § 543.32(g).

6. On or about February 11, 2003, I accessed the administrative tort claim records to determine if inmate Demetrius Brown, Register Number 21534.039, filed an administrative tort claim with the Federal Bureau of Prisons, Northeast Regional Counsel's Office regarding loss, damages, or injury accruing from Exposure to environmental tobacco smoke (ETS), retaliation by staff for the filing of administrative tort claims or administrative remedies, or the filing of lawsuits, or for injury or damages caused by ETS exposure after January 20, 2004. After a search of the tort claim records maintained in the ordinary course of business in the Bureau of Prisons Northeast Regional Office, I determined that although inmate Brown exhausted his available administrative tort claim remedies with respect to personal injuries caused by alleged exposure to ETS from July 1997 through January 20, 2004, he had not raised through the administrative tort claim process any allegations of retaliation by Bureau of Prisons staff for his filing of administrative grievances or for his filing of law suits related to ETS exposure.

7. I also accessed the computerized administrative remedy system to determine if inmate Brown exhausted his available administrative remedies regarding alleged retaliation by staff at FCI McKean for his filing of administrative grievances or for his filing of lawsuits regarding ETS exposure. After a review of the administrative remedies filed by inmate Brown, I determined that although he exhausted his available administrative remedies regarding ETS exposure, he did not

file a single administrative remedy in which he alleged Bureau of Prisons staff subjected him to retaliation for filing either administrative grievances or for filing law suits regarding ETS exposure.

    8. Attached hereto, please find a true and correct copy of the following documents:

- a. Inmate Public Information Data Sheet for Demetrius Brown, Register Number 21534-039;

- b. Administrative Tort Claim, Case Number TRT-NER-2004-01684;

- c. Memorandum dated June 24, 2004, denying tort claim number TRT-NER-2004-01684;

- d. Acknowledgment of Receipt Denial of Tort Claim, signed by Demetrius Brown on July 7, 2004;

- e. Request for Administrative Remedy, Case Number 321868-F1, and Response;

- f. Regional Administrative Remedy Appeal, Case Number 321868-F1, and Response; and

- g. Central Office Administrative Remedy Appeal, Case Number 321868-A1.

    I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this _____ day of December, 2005.

Joyce M. Horikawa
Senior Attorney Advisor
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, PA

-3-