# Exhibit 1f

U.S. Department of Justice  
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Brown, Demetrius D.      21534-039      CB      FCI McKean
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**   I am appealing the Warden's BP-9 Response (MCK 321868-F1) dated 1/7/04 denying my request that smoking inmates be separated from non-smoking inmates by assigning separate Housing Units and to compensate me in the amount of $10,000,000.00 (ten million dollars). Here, the Warden's Response is that according to Program Statement 1640.03 Smoking/No Smoking Areas, the Warden may but is not required to, designate a limited number of indoor smoking areas. That, to the extent practicable living facilities shall be separated into smoking and non-smoking areas. Noting also, that Housing Units is not listed in the section where smoking shall not be permitted. For this reason, the Warden states that at this institution, it has been designated that lower tiers of the Housing Units to be a nonsmoking areas. -However, this Response to policy is ineffective. See MCK 1640.3;((b)(2)(a) Housing Units: Smoking is only permitted in inmate rooms...There is no smoking in the common areas, other multipurpose areas, or entrance ways of the housing units.) The Warden in this case would simply not allow smoking on the lower tiers. But, such is not the case where at McKean the lower tiers and the upper tiers are not separated by much more than a railing which in such case amounts to it being one area. Also, the concern is that Housing Units are filled to their capacities thereby making congestion a major problem and with ventilation systems that carry smoke to nonsmoking areas. Another concern is that because the upper tiers cannot be separated from the lower tiers and that they are considered therefore to be one area, physical exercise and food preparation are obviously affected. -Smoking is a Health Hazard to all non-smoking inmates.

1/29/04
DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**



_____              _____
DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY               CASE NUMBER: 321868-?

────────────────────────────────────────────────────────────────────

**Part C—RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION   MCK

SUBJECT: _____

_____              BP-230(13)

(Continuation Page)

for the simple fact that (ETS) is distributed by second smoke, thus causing cancer. The practicability of separating smokers from non-smokers is feasible as there are enough non-smokers at the institution to implement a non-smoking only unit. If the Warden is able to create non-smoking in lower tiers then he is able to combine two units that have lower tier non-smoking to create one unit with non-smoking both upper and lower tier.   -To give preference of a non-smoking inmate over smoking inmates when it comes to the designating the labeling of a room non-smoking is beyond reason to not designate a unit a non-smoking unit. As stated, because smoke is a gas that passes through the environment unimpeded and uncontrolled, it is a hazzard for non-smoking inmates living in Housing Units. Noting also, the unenforced rule and the uninflicted cravings of a smoking inmate, that as evident in this institution, smokers not only smoke in their rooms but they smoke just as well in the "prohibited" areas of the unit i.e. common area, mop closets, laundry rooms, microwave room and lower tiers + cells.

For this reason, I affirm my request that the Warden separate smoking inmates fro non-smoking inmates and to compensate me in the amount of $10,000,000.00 for the pain and suffering over the last 6+ years I've been incarcerated at FCI McKean due to cancer's opportune to develop as well as its future possibilities of arising.

BROWN, Demetrius
Reg. No. 21534-039
Appeal No. 321868-R1
Page One

---

### Part B - Response

In your appeal, you state you are being exposed to Environmental Tobacco Smoke (ETS) by other inmates in the housing units at FCI McKean. You contend the administration's policy designating lower tiers of the housing units as non-smoking areas is ineffective. You state the cravings of smokers cause them to smoke in prohibited areas in the unit. You request the Warden separate smoking inmates from non-smoking inmates. You also request to be compensated $10,000,000.00 for pain and suffering while incarcerated at FCI McKean for over six years, due to the possibility of cancer developing now and in the future.

Program Statement 1640.03, <u>Smoking/No Smoking Areas</u>, authorizes the Warden at each institution to designate smoking and non-smoking areas. As indicated by the Warden, the lower tiers of the housing units have been designated as non-smoking areas. You have been assigned to the lower tier of your housing unit. Institution staff at FCI McKean has been diligent in their efforts to enforce the smoking policy and to take appropriate disciplinary action against violators. You also have a responsibility to report violations of this policy to staff to ensure violators are held accountable for their actions. Staff will continue to monitor smoking in an attempt to alleviate smoking by inmates in prohibited areas. If you feel you are experiencing medical problems, you need to sign up for sick call to be evaluated by Health Services.

Additionally, you cannot receive monetary compensation for alleged pain and suffering via a Request for Administrative Remedy. You may request money damages by submitting a claim to the Regional Counsel under the Federal Tort Claims Act. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: March 2, 2004

D. SCOTT DODRILL
Regional Director