# Exhibit 1g

U.S. Department of Justice                                    **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Brown, Demetrius | 21534-039 | CB | FCI McKean |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**   I am appealing Regional Director, D. Scott Dodrill's Response dated March 2, 2004 denying my Regional Administrative Appeal (BP-10). To reiterate, I appeal that smoking inmates be separated from non-smoking inmates by assigning separate Housing Units and to compensate me in the amount of $10,000,000.00 (ten million dollars) for my pain and suffering. For this reason, the Administration (FCI McKean's) policy of designating lower tiers of the Housing Units to be non-smoking areas is ineffective. See MCK 1640.3;((b)(2)(a) Housing Units: Smoking is only permitted **in inmate rooms**... There is no smoking in the common areas, other multipurpose areas, or entrance ways of the housing units.) Here, FCI McKean's Administration (Warden) in this case, would simply not allow smoking on the lower tier. This says nothing about the upper tier where it is infested with smoking. And since the upper tier and lower tier are not separated by much more than a steel railing, means that it is one area and hence means that the lower tier is as well infested with smoking. Also, the concern is that Housing Units are filled to their capacities thereby making congestion a major problem, and the problem that the ventilation system carries smoke to non-smoking areas. Another concern, is that because the upper tier is not separated from the lower tier and therefore considered one area means that physical exercise and food preparation is affected. Smoking is a Health Hazzard to all non-smoking inmates for the simple fact that (ETS) is distributed by second

| 3/28/04 | Demetrius Brown |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

 

| DATE | GENERAL COUNSEL |
|---|---|
| | CASE NUMBER: |

SECOND COPY: REGIONAL FILE COPY

**Part C—RECEIPT**

CASE NUMBER: _____

| Return to: | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

USP LVN     Previously BP-DIR-11                                    BP-231(13)

smoke, thus causing cancer. The practicability of separating smokers from non-smokers is feasible as there are enough non-smokers at the institution to implement a non-smoking only unit. If the Warden is able to create non-smoking in lower tiers then hs is able to combine two units that have lower tier non-smoking to create one unit with non-smoking both upper and lower tier. To give preference to a non-smoking inmate over smoking inmates when it comes to the designating the labelling of a room non-smoking is beyond reason to not designate a unit a non-smoking unit due to a lower tier full of non-smokers. As stated, because smoke is a gas that passes through the environment unimpeded and uncontrolled, it is a hazzard for non-smoking inmates living in Housing Units. Noting also, the unenforced rule and the uninflicted cravings of a smoking inmate, that as evident in FCI McKean, causes smokers not only to smoke <u>in their rooms</u> but also causes them to smoke just as well in the "prohibited" areas of the unit i.e. common area, mop closets, laundry rooms, microwaive room and lower tiers + cells.

    As the case may be, I affirm my request that the Warden separate smoking inmates from non-smoking inmates and to compensate me in the amount of $10,000,000.00 for the pain and suffering over the last 6+years I've been incarcerated at FCI McKean due to cancer's opportune to develop as well as its future possibilities of arising.

Administrative Remedy No. 321868-A1
Part B - Response

You contend you are subject to harmful chemicals as a result of second-hand smoke and that such exposure has damaged your health. You request that smoking inmates be separated from non-smoking inmates and also seek monetary compensation.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Bureau of Prisons' has recently reissued its Program Statement (1640.04) entitled <u>Smoking/No Smoking Areas</u>. This revised policy severely limits areas where smoking is permitted. Staff are working diligently to implement this policy and enforce its requirements.

Your appeal is denied.

_May 28, 2004_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals