# Exhibit 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DEMETRIUS BROWN,                      :
                                      :
              Plaintiff,              :
                                      :
     - v -                            :    C. A. No. 04-379(Erie)
                                      :
UNITED STATES DEPARTMENT              :
     OF JUSTIC, et al.,               :
              Defendants.             :

## DECLARATION OF JOHN J. LAMANNA

John J. LaManna, pursuant to 28 U.S.C. § 1746, declares as follows:

1.    From approximately June 17, 2001, through January 25, 2004, I was employed as the Warden at the Federal Correctional Institution ("FCI"), McKean, Pennsylvania.

2.    During the period of time I served as the Warden at FCI McKean, the primary mission of FCI McKean, was to house medium to high security sentenced federal inmates.  Also, minimum security sentenced federal inmates were incarcerated at the satellite federal prison camp that is adjacent to the FCI.

3.    During my tour as Warden at FCI McKean, the use of tobacco products was guided by Bureau of Prisons regulations, as set forth at 28 C.F.R. § 551.160, et seq.  The regulations provided, in pertinent part:

§ 551.160 Purpose and scope.

To advance towards becoming a clean air environment and to protect the health and safety of staff and inmates, the Bureau of Prisons will restrict areas and

1

circumstances where smoking is permitted within its institutions and offices....

§ 551.162 Designated no smoking areas.

All areas of Bureau of Prisons facilities and vehicles are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in § 155.163.

§ 551.163 Designated smoking areas.

(b) At all low, medium, high and administrative institutions other than medical referral centers, the Warden shall identify outdoor smoking areas and may, but is not required to, designate a limited number of indoor smoking areas where the needs of effective operations so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.

(c) To the maximum extent practicable nonsmoking inmates shall be housed in nonsmoking living quarters.

28 C.F.R. § 551.160, et seq.

4. As stated in the above-quoted regulations, at all times I was employed as the Warden at FCI McKean, it was left to my discretion to identify and designate smoking areas at FCI McKean that were consistent with the above-quoted Bureau smoking regulations based upon the unique safety and security needs of FCI McKean, the unique design of each inmate housing unit, and the transient nature of the inmate population within each inmate housing unit at FCI McKean.

5. On or about June 21, 2002, in an exercise of the discretion vested in me under the above-quoted regulations, I signed Institution Supplement 1640.03, Smoking and Non-Smoking

2

<u>Areas</u>, which identified for staff and inmates the areas of FCI McKean where smoking would be permitted.

6. Institution Supplement 1640.03, indicated staff would be prohibited from smoking inside of buildings or entrance ways of the camp facility or main institution.

7. With respect to inmates, the Institution Supplement provided smoking would be permitted in inmate rooms as designated by the Unit Manager of each inmate housing unit. In the event that an inmate room was assigned to both smokers as well as non-smokers, the room would be designated a non-smoking room. The Institution Supplement prohibited smoking in common areas, other multi-purpose areas, and entrance-ways of the housing units. The Institution Supplement prohibited smoking in all other institution buildings and entrance-ways to those buildings.

8. Inmates found smoking tobacco products in violation of Bureau of Prisons policy and Institution Supplement 1640.03, were subject to disciplinary action.

9. When determining the rules governing staff and inmate smoking at FCI McKean, I considered the following factors: (1) the use of tobacco products was not prohibited by law in the Commonwealth of Pennsylvania; (2) the sale of tobacco products was not prohibited by law in the Commonwealth of Pennsylvania; (3) there was no state or national right of any person to be entirely free from environmental tobacco smoke (ETS); (4)

3

numerous staff and inmates at FCI McKean smoked cigarettes and or tobacco products; (5) many staff members and inmates were/are addicted to nicotine; (6) ETS is a health hazard; (7) numerous staff and inmates could be allergic to ETS; (8) ETS could trigger medical complications such as asthma and other respiratory illness; (9) an Eighth Amendment personal liability law suit against individual staff may be based upon an inmate's exposure to ETS when an inmate has been exposed to unreasonably high levels of ETS, and prison officials are deemed to be deliberately indifferent to the inmate's ETS exposure.

10.  The rules and procedures set forth in the Institution Supplement represent a balancing of the competing interests listed above.

> I declare under penalty of perjury that the foregoing is true and correct.

Signed, this *28* day of December, 2005.

John J. LaManna
Warden
FCI Edgefield, South Carolina

4