IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

DEMETRIUS BROWN,              )
    Plaintiff,                )
                              )
                              )
    v.                        )   Civil Action No. 04-379E
                              )
U.S. JUSTICE DEPARTMENT,      )
BUREAU OF PRISONS, FCI MCKEAN,)
WARDEN JOHN J. LAMANNA,       )
REGIONAL DIRECTOR D. SCOTT    )
DODRILL, MEDICAL DIRECTOR     )
NEWTON E. KENDIG, DIRECTOR    )
HARLEY G. LAPPIN,             )
    Defendants.               )

**PLAINTIFF'S MOTION OPPOSING DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT**

    **COMES NOW,** <u>DEMETRIUS BROWN</u>, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, Erie Division, in opposition to Defendants' Motion to Dismiss or, in the alternative Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1), 12(b)(6), and 56(c). In support, Plaintiff affirms that:

    1. Plaintiff opposes Defendants' Motion to Dismiss on the claim that Defendant has filed a motion requesting the United States be substituted as Defendant. Plaintiff affirms where joinder is more feasible, he has submitted an accompanying

Motion for Joinder of Defendants- John J. LaManna, D. Scott Dodrill, Newton E. Kendig and Harley g. Lappin with that of the United States Department of Justice, Bureau of Prisons and FCI McKean as the United States, the real party in interest under both claims of "Bivens" and the 'FTCA'. See **Motion for Joinder;** but see also **Motion to Second Amend Complaint.**

    2. Plaintiff opposes Defendants' Motion to Dismiss on the claim that allegations of retaliation should be dismissed for reasons of exhaustion. The Plaintiff affirms that he has a right to seek as a preliminary remedy, injunction against the individual Defendants for retaliation in exercising his right to grievance, as well as his right to access to the courts. Plaintiff's decision to seek an injunction against Defendants is permissible as prohibitory or mandatory in the regards to the irreparable injury that would be incurred. See **Motion for Preliminary Injunction.**

    3. Plaintiff affirms that his request for remedy against probable retaliation, enjoining Defendants for filing this action in the court, should not be dismissed for the reason that the 'FTCA' does not submit the United States to liability for injunctive relief, but should be maintained under Plaintiff's alternative claim of "Bivens" violation. See **Motion to Second Amend Complain;** but see also **Motion for Joinder.**

    4. Plaintiff affirms that he opposes the Defendants' request to Dismiss any claim that conditions at FCI McKean violated the Federal Bureau of Prisons' smoking policy that went into effect

in March 2004 for the reasons of exhaustion. Plaintiff affirms that he has made the implication in his Administrative Tort for exhausting the claim that future injuries are likely to occur as a result of the Defendants' ongoing acts and omissions. See **Complaint at Exhibit D**. Additionally, the constitutional violations occurring under "Bivens" for which Plaintiff had also implied by exhausting his request for Administrative Remedy, the likely future occurrence of personal injuries. See **Complaint at Exhibits C, F. and H.**

    5. Plaintiff opposes the Defendants' Motion to Dismiss on the basis that his claim falls within the discretionary function exception to 'FTCA'. Plaintiff affirms that the Defendants have a mandatory duty by statute to protect the health and safety of its prisoners. See **Defendants' Brief** at p. 13. The Defendants also have a mandated obligation to treat equally the prisoners with its staff. See **Complaint at ¶11; referring to Exhibit A, 551.160 at ¶2**. The Defendants additionally are mandated to adhere to Executive Order. See **Exhibit 4b**. Thus, Defendants are mandated to follow implemented statute, regulation, and policy. And, the violation of mandatory regulation does not shelter Defendants from liability under the FTCA discretionary function exception.

    6. Plaintiff opposes the Defendants' Motion to Dismiss on the basis of Plaintiff failing to state a prima facie claim of negligence under Pennsylvania Law. Plaintiff affirms that the District of Columbia Law is the applicable law to be used. See

**Exhibit 4.** Plaintiff affirms additionally, that he has suffered injuries making out a sufficient claim under either District of Columbia Law or Pennsylvania Law. See **Exhibit 3.**

8. Plaintiff opposes the Defendants' request that the Court dismiss Plaintiff's Complaint and Amended Complaint with prejudice, as well as to oppose the Defendants' request for the Court to enter summary judgment in favor of the United States. Plaintiff affirms that the Court has subject matter jurisidiction and that the Plaintiff has indeed stated a claim. See **Complaint, Amended Complaint, Motion to Second Amend Complaint, Motion for Joinder, and Motion Opposing Defendants' Motion to Dismiss Or, in the Alternative Motion for Summary Judgment with Exhibits 1-4.**

9. Plaintiff also opposes that the Court move in favor of the Defendants for summary judgment. Plaintiff affirms that there is indeed a real dispute as to Plaintiff's personal injuries and that a trial would be best to resolve the issue. See **Exhibits 1-4.**

WHEREFORE, Plaintiff respectfully request that the Court issue an Order denying Defendants' Motion Dismissing Plaintiff's Complaint and Amended Complaint.

I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty oer perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

2/6/06
Dated

*Demetrius Brown*

2/5/06

Dear Clerk of Court:

    Enclosed you will find one (1) original copy of Plaintiff's Opposition with supporting Affidavits and Exhibits 1-4 to: Defendants' Motion for Substitution; Motion to Strike Demand for Trial by Jury; and Motion to Dismiss Or, in the Alternative Motion for Summary Judgment.

    Also, you will find one (1) original copy of Plaintiff's: Motion to second Amend Complaint with Process Return and Receipt Forms, Motion for JOinder, Motion for Preliminary Injunction, and Motion for Order of Physical Examination. Therefore, please file with the Court.

    Thank you for your time and consideration.

                                                  Sincerely,

                                                  *Demetrius Brown* (signature)
Demetrius Brown
Reg. No. 21534-039
FCI RayBrook
P.O. Box 9001
RayBrook, NY. 12977

cc:file
db/db