IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

```
DEMETRIUS BROWN,                  )
        Plaintiff,                )
                                  )
                                  )
        v.                        )     Civil Action No. 04-379E
                                  )
U.S. JUSTICE DEPARTMENT,          )
BUREAU OF PRISONS, FCI MCKEAN,    )
WARDEN JOHN J. LAMANNA,           )
REGIONAL DIRECTOR D. SCOTT        )
DODRILL, MEDICAL DIRECTOR         )
NEWTON E. KENDIG, DIRECTOR        )
HARLEY G. LAPPIN,                 )
        Defendants.               )
```

**MOTION OPPOSING DEFENDANTS'**
**MOTION FOR SUBSTITUTION OF PARTY**

    **COMES NOW,** <u>DEMETRIUS BROWN</u>, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, in opposition to Defendants' Motion for Substitution of Party, pursuant to 42 U.S.C. §233 (a) & (g), requesting the Court to issue an Order substituting the United States as Defendant and replacing Defendants the U.S. Justice Department, Bureau of Prisons, FCI McKean, Warden John J. LaManna, Regional Director D. Scott Dodrill, Medical Director Newton E. Kendig, and Director Harley G. Lappin. In support, Plaintiff affirms that:

1. The exclusiveness of remedy under 42 U.S.C. §233(a) is inapplicable in the personal injuries occurring in Plaintiff's case. Here, the personal injuries neither results from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations, by any commissioned officer or employee of the Public Health Service.

2. There is no evidence that the Secretary in the Department of Health and Human Services has received any application for deeming any of the Defendants to be an entity or an officer, governing board member, employee, or contractor of the entity to be an employee of the Public Health Service for purposes of 42 U.S.C. §233(g). Neither is there any evidence that the Secretary has made a determination whether the Defendants is to be deemed an employee of the Public Health Service for the purposes of 42 U.S.C. §233(g).

3. Defendants- the United States Justice Department, Bureau of Prisons, FCI McKean, Warden John J. LaManna, Regional Director D. Scott Dodrill, Medical Director Newton E. Kendig, and Harley G. Lappin are being sued severally, both individually and officially.

4. Plaintiff's accompanying Second Motion to Amend adds forth jurisdictional claims for an individual capacity suit of Defendants under "Bivens" due to constitutional violations, excluded from immunity provisions of the Federal Tort Claims Act (FTCA). See **Second Motion to Amend.**

   5. Plaintiff's exhaustion of Administrative Remedies as to his constitutional claims under "Bivens," put forth sufficient notice to Defendant as not to prejudice when requesting relief due to his pain and suffering.

   6. Joinder of United States and Defendants sued in their individual capacities under the constitution is permissable. See **Motion For Joinder.**

   WHEREFORE, substitution of the United States for Defendants is unnecessary where Defendants are being sued both individually and officially and where joinder would be better suited.

   I, DEMETRIUS BROWN, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

2/6/06
Dated

*Demetrius Brown*

cc: Megan E. Farrell