IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEMETRIUS BROWN,<br>      Plaintiff,<br><br>      v.<br><br>U.S. JUSTICE DEPARTMENT,<br>BUREAU OF PRISONS, FCI MCKEAN,<br>WARDEN JOHN J. LAMANNA,<br>REGIONAL DIRECTOR D. SCOTT<br>DODRILL, MEDICAL DIRECTOR<br>NEWTON E. KENDIG, DIRECTOR<br>HARLEY G. LAPPIN,<br>      Defendants. | Civil Action No. 04-379E<br><br>FILED<br>'06 FEB 17 AM 10:35<br>CLERK<br>U.S. DISTRICT COURT |

**MOTION FOR ORDER OF PHYSICAL EXAMINATION**

     **COMES NOW,** DEMETRIUS BROWN, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, for an Order of Physical Examination pursuant to Federal Rules of Civil Procedure, Rule 35(a). In support, Plaintiff affirms the following:

     1. The physical condition of Plaintiff is in controversy. The personal injuries suffered by Plaintiff in relation to being exposed to Environmental Tobacco Smoke (ETS) is in question by the Defendants.

     2. The Plaintiff is in the custody and control of Defendants. The Plaintiff has been incarcerated in the Bureau of Prisons since

July 7, 1997 to the present. The Plaintiff's presumed last custody date will end approximately August 2022. The Defendants thus, have custody over Plaintiff for 30 yrs with anticipated time off for good time.

    3. The Plaintiff's exposure to Environmental Tobacco Smoke (ETS) has occurred primarily during his incarceration and/or custody of Defendants. The Plaintiff's exposure to ETS has been involuntary and due to the Defendants' policies for allowing the cohabitation of smoking inmates with non-smoking inmates.

    4. The Plaintiff, as a result of his exposure of Environmental Tobacco Smoke, has suffered personal injuries consistent with nausea, an inability to eat, head aches, chest pains, difficulty breathing, numbness in limbs, teary eyes, itching & burning skin (Pityriasis Rosea), dizziness, sore throat, coughing, production of sputum, loss of hair follicles, skin discoloration, hardening lumps, blurred vision, and nervousness.

    5. The Plaintiff, although having suffered various injuries, has had also the fear of contacting Defendants (specifically the BOP) about those injuries. The Plaintiff has known many individual inmates who have consistently complained about medical malpractice committed by the BOP. Plaintiff has seen individual inmates who after being diagnosed with something, had later come to the knowledge that they were misdiagnosed. That, inmates had been prescribed improper medication, resulting in further harm and even death.

The Plaintiff, therefore has every reason not to seek much, if any, medical attention by Defendants for the personal injuries he is suffering from.

6. The Plaintiff is wary of the Defendants bias in conducting any examination of him due to the implications for retaining personal responsibility for allowing Plaintiff to be exposed involuntarily to Environmental Tobacco Smoke (ETS). The Defendants medical personnel has every interest to skew any reports or examination that would be consistent with his claim for personal injuries suffered at the Defendants' hands.

7. The Plaintiff, because of the fear he has of the incompetence of Defendants' medical personnel and the bias interest of Defendants, Plaintiff affirms that a licensed or certified examiner whose an uninterested Third Party would have the necessary unbias and impartialness needed to determine the veracity of Plaintiff's personal injuries.

8. Plaintiff affirms that an examiner from the National Cancer Institute would be best qualified for detecting whether Plaintiff would have any indication of lung cancer. The study conducted by the National Cancer Institute using Chest X-Rays were able to detect lung cancer at early stages. See **Plaintiff's Exhibit 3d, p.7.**

9. Plaintiff affirms that anytime before a trial using X-Rays under a criteria demanded by any qualified examiner from the National Cancer Institute in finding any indication for

lung cancer in Plaintiff at any place determined by the examiner, would suffice to determine an end to the controversy between Plaintiff and Defedant of whether exposure to Environmental Tobacco Smoke has indeed led or will lead to lung cancer in the Plaintiff.

10. Plaintiff affirms, however, he has suffered other injuries that may or may not include an examiner and in particular personal injuries occurring while at FCI RayBrook, in which Defendants have now acknowledged by providing anti-itch medication for Pityriasis Rosea. The severity of which Plaintiff had no choice, but to comply with for receiving treatment, even for temporary relief. Nevertheless, it does not subside Plaintiff's mistrust of the Defendants for the imcompetence and bias that he has previously witnessed and felt.

11. Plaintiff affirms, finally, that the results of the examiner, as reported, would be used in a trial to determine whether the personal injuries suffered by Plaintiff is consistent with exposure to Environmental Tobacco Smoke (ETS).

**WHEREFORE,** Plaintiff request the Court to Grant Order of Physical Examination of him by an uninterested Third Party, as outlined above, for determination of his personal injuries.

I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, the foregoing is true and correct.

2/6/06
Dated

*Demetrius Brown*