IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEMETRIUS BROWN, )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>U.S. JUSTICE DEPARTMENT, )<br>BUREAU OF PRISONS, FCI MCKEAN, )<br>WARDEN JOHN J. LAMANNA, )<br>REGIONAL DIRECTOR D. SCOTT )<br>DODRILL, MEDICAL DIRECTOR, )<br>NEWTON E. KENDIG, DIRECTOR )<br>HARLEY G. LAPPIN, )<br>    Defendants. ) | Civil Action No. 04-379E<br><br>FILED<br>'06 FEB 17 A10:34<br>CLERK<br>U.S. DISTRICT COURT |

**MOTION FOR PRELIMINARY INJUNCTION**
**with Affidavit to Support**
**AGAINST RETALIATION**

    **COMES NOW,** <u>DEMETRIUS BROWN</u>, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, for an Order granting Preliminary Injunction against Defendants for Retaliation pursuant to Federal Rules of Civil Procedure, Rule 65, for filing the above action in the Court. In support, Plaintiff affirms the following:

    1. Irreparable injury, or extraordinary irreparable harm, or the rights and priviliges of the Plaintiff would be destroyed of which he has no adequate remedy at law if defendants, their agents, employees, successors in interest and all other persons in active concert or

participation with them, harrassed, threatened, punished, or retaliated in any way against Plaintiff because he filed this action or against any other prisoners because they submitted affidavits in this case on behalf of Plaintiff, or to transfer Plaintiff to any other institution, without his express consent, during the pendency of this action.

    2. The First Amendment of the United States Constitution guarantees Plaintiff the right to Petition the Government for Redress of Grievance, including the right to Access of the Courts.

    3. The need for injunctive relief is apparent to maintaining the civil action above, in the court, until resolution and/or thereafter. Thus, preventing Defendants from any illegal conduct or action in bad faith, arbitrary, capricious, or wanton injurious manner to setting the stage of having the Court to result in dismissing Plaintiff's suit prematurely for technical reasons.

    4. There is no adequate remedy at law for which Defendants could intervene in the Plaintiff's Access to the Courts whereby manipulating late responses to Plaintiff's filings, or total destruction of papers to be filed in accordance with the action for meeting deadlines critical to the prosecution of the action by Plaintiff.

    5. There would be no rational basis for the actions of Defendants except to escape judgment or responsibility, both personally and professionally.

    6. There is clear and convincing evidence that Defendants have already perpetrated acts upon Plaintiff, causing damage,

for which there is no reasonable basis for such. They are:

    a) Transferring Plaintiff during the pendency of a separate action previously submitted into Court. The transfer resulting in costing Plaintiff, time money, and expenses such as materials and advice to maintaining litigation. Plaintiff's suit, because of the Defendants actions, allowed the Court to dismiss it. Although, without prejudice but, still as a result to the above. See **Exhibit 1a.**

    b) Transferring Plaintiff from a prison (FCI McKean) whose policy on smoking was changed to reflect the national consensus on policy, 28 CFR §551.162(b)(1), to a prison (FCI RayBrook) whose policy defied the new national consensus on policy, thus subjecting Plaintiff to Environmental Tobacco Smoke despite the Administrative Tort, and Administrative Remedy requests made by Plaintiff requesting not to be exposed to such. Defendants have thereby caused Plaintiff additional harms after knowing Plaintiff's requests addressing grievance to Environmental Tobacco Smoke and also to causing Plaintiff additional harm when the national policy dictated otherwise. See **Exhibit 1b.**

    c) Failure by the Inmate Account Officer at FCI RayBrook in this cited above civil action to withdraw funds of Plaintiff's under Court Order for Plaintiff's forma pauperis status to paying court costs for filing fees which thus, establishes suit in court. The Inmate Account Officer, even upon direct mandatory order failed to withdraw funds for paying filing fees. Plaintiff, as a result to not allowing this suit to be dismissed because of failure to pay filing fees, thus establish the suit, had outside sources pay the court fees contingent on reimbursement, so that the suit could commence and reach an ultimate resolution of my reasons for grievance. See **Exhibit 1c.**

    d) Ridding the Law Library of key essential material needed to sustaining and presenting a meaningful prosecution of this civil action. Law Library Books pertaining to United States Code Annotated have been replaced for the Lawyer's Edition which is not substantial for presenting legal issues to the Court.

The lack of sufficient number of typewriters in a prison whose population exceeds 1,400. The need for sufficient and constant supply of materials such as paper, staples, paper clips, whiteout, typewriter ribbons, correction tapes, print wheels, envelopes, etc. The unreasonable fixation of prices for materials associated with maintaining legal action. The unreliable hours for maintaining an open Law Library for any access to the Courts, where hours are horrendously reduced below productive levels or completely inaccessible due to unnessesarily lenghty lockdowns and for apparently for no reason.

e) Legal mail is not being sent out as readily given to prison officials. Mail is left to sit days in and out, at times, when needed to be sent out notifying Defendants of matters or for filing motions into Court for meeting deadlines. Mail is not notified to Plaintiff upon receipt for pick-up or retrieval when mail is especially marked Legal Mail, Open in presence of Inmate, or mail by Defendants notifying him of filed motions. Mail specifically sent in previous case nearly caused dismissal where court notified Plaintiff to respond to Defendants' Motion to Dismiss but, had not been received, as Plaintiff had not signed for such. Prison Officials blatantly failed to notify Plaintiff to retriev mail for pick-up and signing. However, the Court, persistent enough, recognized the matter and therefore ordered the mail to be sent directly to Plaintiff by whatever means for notifying him to respond. See **Exhibit 1(a), ¶11-17.**

7. There would likely be a continuation of the practices committed by Defendants as listed in ¶6, in which Plaintiff will suffer irreparable injury of his First Amendment right to Access to the Court.

**WHEREFORE,** Plaintiff request the Court to Grant him preliminary injunction prohibiting Defendants from retaliating against him because he has filed this action into Court.

I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing Motion for Preliminary Injunction, is true and correct.

<u>2/6/06</u>
Dated

<u>Demetrius Brown</u>