EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

DEMETRIUS BROWN,                   )
          Plaintiff,               )
                                   )
                                   )
     v.                            )     Civil Action No. 04-379E
                                   )
U.S. JUSTICE DEPARTMENT,           )
BUREAU OF PRISONS, FCI MCKEAN,     )
WARDEN JOHN J. LAMANNA,            )
REGIONAL DIRECTOR D. SCOTT         )
DODRILL, MEDICAL DIRECTOR          )
NEWTON E. KENDIG, DIRECTOR         )
HARLEY G. LAPPIN,                  )
          Defendants.              )
_____    )


**DEMETRIUS BROWN'S AFFIDAVIT**
**TO NON-SMOKING TOBACCO**


     I, <u>DEMETRIUS BROWN</u>, herein as Plaintiff, hereby affirm

and declare under penalty of perjury, 28 U.S.C. §1746, the

following:

     1. Prior to entering prison on July 7, 1997 at FCI McKean

and even prior to arrest for certain crimes currently imprisoned

for beginning May 23, 1996, I never smoked any Tobacco Products.

     2. However, upon entering at FCI McKean, I marked on the

intake screening examination that I previously smoked marijuanna.

That, although I smoked marijuanna previously, it is not a kind

of Tobacco Product containing the more than 4,000 chemicals that

Tobacco has. Instead, marijuanna is a natural herb, and in some

instances used as a herbal treatment for glocoma of the eye,

pain relief for illnesses such as cancer, or just for the euphoric

feeling.

3. That, I, while incarcerated in FCI McKean was listed by record as a non-smoking inmate. That, I attested to not using anykind of Tobacco Products. See **Defendants' Exhibit 2a, p. 8.**

4. That, my previous cell mates have attested to my not using anykind of Tobacco Products. That, to their knowlege I am a non-smoker. See **Exhibit 2a**

5. That, I have previously submitted support in a potential class action suit in 1997 entitled AUSTIN NWANZE, et. al., v. (Various Tobacco Companies, including Kathleen Hawk) filed in the U.S. District Court for the Southern District of New York, 97 Civ. 7344 (LBS) for "Bivens Claim" violations due to Environmental Tobacco Smoke. See **Exhibit 2b**

6. That, I have personally complained of smoking polcies at FCI McKean and the Bureau of Prisons in general for personal injuries suffered by filing Administrative Greivances from the institutional level all the way to the central office. That, I have filed exhaustion of remedies for Tort at the Regional Office for personal injuries suffered due to being exposed to ETS. See **Complaint** at Exhibits C-J.

7. That, I have filed Complaint in the United States District Court for the Western District of Pennsylvania for damages due to the personal injuries suffered from the exposure to Environmental Tobacco Smoke.

I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing AFFIDAVIT TO NON-SMOKING is true and correct.

<u>2/6/06</u>
Dated

<u>Demetrius Brown</u>

EXHIBIT 2a

## AFFIDAVIT

I, _Anthony Kirksey_____, do solemly swear under penalty of perjury, 28 U.S.C. §1746, that the following is true and correct:

1. That, I am the above named person who ascribes to the statements made herein.

2. That, I am an inmate incarcerated at FCI McKean.

3. That, I, while incarcerated at FCI McKean, have celled in cell #118U from on or about _3/1/03_ to _present_ .

4. That, I, while celled in cell #118, have shared the cell with Demetrius Brown #21534-039 at 118L.

5. That, cell #118 is a non-smoking cell.

6. That, I, while celled in cell #118, have never seen Demetrius Brown smoke any Tobacco Products. That, I have never seen Demetrius Brown smoke any Tobacco Products neither in or outside of the cell.

7. That, I, while celled in cell #118, have never seen Demetrius Brown handle any Tobacco Products. That, I have never seen Demetrius Brown handle any Tobacco Products neither in or outside of the cell.

8. That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke neither upon stay nor upon leaving and then returning.

9. That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke upon Demetrius Brown nor upon his clothing neither in or outside of the cell.

10. That, to my knowledge, Demetrius Brown does not smoke Tobacco Products.

_____
Date

Anthony Kirksey
#13226-039

1 of 4

## AFFIDAVIT

I, *James Larkin* do solemnly swear under penalty of perjury, 28 U.S.C. §1746, that the following is true and correct.

1. That, I am the above named person who ascribes to the statements made herein.

2. That, I am an inmate incarcerated at FCI McKean.

3. That, I, while incarcerated at FCI McKean, have celled in cell #118U from on or about 1/1/03 to 3/1/03 .

4. That, I, while celled in cell #118, have shared the cell with Demetrius Brown #21534-039 at 118L.

5. That, cell #118 is a non-smoking cell.

6. That, I, while celled in cell #118, have never seen Demetrius Brown smoke any Tobacco Products. That, I have never seen Demetrius Brown smoke any Tobacco Products neither in or outside of the cell.

7. That, I, while celled in cell #118, have never seen Demetrius Brown handle any Tobacco Products. That, I have never seen Demetrius Brown handle any Tobacco Products neither in or outside of the cell.

8. That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke neither upon stay nor upon leaving and then returning

9. That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke upon Demetrius Brown nor upon his clothing neither in or outside of the cell.

10. That, to my knowledge, Demetrius Brown does not smoke Tobacco Products.

1-8-04
Date

James Larkins
#21608-039

2 of 4

**AFFIDAVIT**

I, Benjamin Wherry _____ , do solemly swear under penalty of perjury, 28 U.S.C. §1746, that the following is true and correct:

1.  That, I am the above named person who ascribes to the statements made herein.

2.  That, I am an inmate incarcerated at FCI McKean.

3.  That, I, while incarcerated at FCI McKean, have celled in cell #118U from on or about 3/1/02 to 7/1/02.

4.  That, I, while celled in cell #118, have shared the cell with Demetrius Brown #21534-039 at 118L.

5.  That, cell #118 is a non-smoking cell.

6.  That, I, while celled in cell #118, have never seen Demetrius Brown smoke any Tobacco Products. That, I have never seen Demetrius Brown smoke any Tobacco Products neither in or outside of the cell.

7.  That, I, while celled in cell #118, have never seen Demetrius Brown handle any Tobacco Products. That, I have never seen Demetrius Brown handle any Tobacco Products neither in or outside of the cell.

8.  That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke neither upon stay nor upon leaving and then returning

9.  That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke upon Demetrius Brown nor upon his clothing neither in or outside of the cell.

10. That, to my knowledge, Demetrius Brown does not smoke Tobacco Products.

_1/10/04_
Date

_Benjamin Wherry_
#35961-060

3 of 4

**AFFIDAVIT**

I, Rodney; Montgomery, do solemly swear under penalty of perjury, 28 U.S.C. §1746, that the following is true and correct:

1. That, I am the above named person who ascribes to the statements made herein.

2. That, I am an inmate incarcerated at FCI McKean.

3. That, I, while incarcerated at FCI McKean, have celled in cell #118U from on or about  / /  to 2/1 /02.

4. That, I, while celled in cell #118, have shared the cell with Demetrius Brown #21534-039 at 118L.

5. That, cell #118 is a non-smoking cell.

6. That, I, while celled in cell #118, have never seen Demetrius Brown smoke any Tobacco Products. That, I have never seen Demetrius Brown smoke any Tobacco Products neither in or outside of the cell.

7. That, I, while celled in cell #118, have never seen Demetrius Brown handle any Tobacco Products. That, I have never seen Demetrius Brown handle any Tobacco Products neither in or outside of the cell.

8. That, I, while celled in cell #118 have never encountered the smell of Tobacco Smoke neither upon stay nor upon leaving and then returning.

9. That, I, while celled in cell #118, have never encountered the smell of Tobacco Smoke upon Demetrius Brown nor upon his clothing neither in or outside of the cell.

10. That, to my knowledge, Demetrius Brown does not smoke Tobacco Products.

1/8/04
Date

Rodney Montgomery
Rodney Montgomery

4 of 4

EXHIBIT 2b

BRADFORD ERA   NOVEMBER 1, 1997

# FCI-McKean inmate sues tobacco firms

**By JIM BUCK**
**Era Reporter**

In the first case of its kind, an inmate at the Federal Correctional Institution, McKean County, has filed a class-action suit against major tobacco firms, stating that second-hand cigarette smoke causes unfair and unreasonable health risks for non-smoking inmates.

The case was researched and written by Austen Nwanze — a Nigerian native now incarcerated at FCI-McKean — who asks a U.S. District Court judge to award the plaintiff's $10 billion in damages.

The suit, filed on behalf of all the non-smoking inmates in the federal prison system, seeks damages from six plaintiffs: Philip Morris Co. Inc., Batus Inc., Liggett Group Inc., Lowes Corp., Lorillard Tobacco Co. Inc., and RJR Nabisco Holdings Corp.

"We were sentenced here to do time, but not to be killed," Nwanze said Oct. 24 when an *Era* reporter visited the prison to discuss the suit,

a copy of which Nwanze had mailed to the paper.

Nwanze, who characterized himself as a "jailhouse lawyer," said more than 400 fellow FCI McKean inmates have signed on as co-plaintiffs so far, and the total class of plaintiffs could be as large as 60,000 — half the total population managed by the federal Bureau of Prisons.

The suit was received by the U.S. District Court for the Southern District of New York on Sept. 29. Nwanze said the court had given him a list of lawyers who might take over from here. As of Friday, Nwanze had written to some of the lawyers on the list, but had not yet gotten a response.

Word of the suit has reached the smokers incarcerated at FCI-McKean, and they are not happy, according to Nwanze, who said he has been verbally attacked by those who fear their cigarettes will be taken away. Others involved with the suit have been attacked more violently, he said, adding that one inmate was transferred to another facility for his own safety.

"We want (the BOP) to accommodate the smokers as much as possible," Nwanze said. "If they don't, the next thing you will be reporting is that the main plaintiff is dead."

Prison officials declined to comment on matters related to the lawsuit. "The warden didn't want to respond to those (questions)," said Michelle Arisman, the prison's public information officer and executive assistant to the warden.

Co-plaintiff Dale Brown — also an FCI McKean inmate — said he suffers from tuberculosis he contracted while in prison. "I figure that (disease) was conveyed by cigarette smoke," Brown said.

Nwanze and Brown said they are exposed to second-hand smoke almost everywhere they go inside or outside the prison walls, even on the outdoor jogging track.

Nwanze said he did not name the BOP as a defendant in the suit because he believes there is a Supreme Court ruling that already directs prison officials to segregate smoking from nonsmoking inmates. In

practice, there is no place for a non-smoking inmate to go to escape from second-hand smoke, he said.

"My problem is how do you segregate smoke," Nwanze said. "The way these units are built, nothing can escape out of it. ... You can just look up and the coloring on the roof is totally different from all the smoke.

"We are dying very slowly by the second," Nwanze added. "This thing is deadly."

Both Brown and Nwanze said they recently got new cellmates who don't smoke.

In addition to asking for $5 billion in compensatory damages and $5 billion in punitive damages, the plaintiffs ask for "any other relief that may be deemed just and fair."

Nwanze pointed out that airline attendants recently won a similar lawsuit, that alleged that during the years when passengers were allowed to smoke on airplanes, attendants were unfairly subjected to second-hand smoke that caused health problems,

```
Proceedings include all events.
1:97cv7344    Nwanze, et al v. Philip Morris, et al
```

NATHANIEL WILSON
    plaintiff

OTIS PARIS
    plaintiff

DERICK FALLIN
    plaintiff

VICTOR WARD
    plaintiff

VICTOR PARROTTE
    plaintiff

CHARLES CRENSHAW
    plaintiff

CARL HILL
    plaintiff

DEMETRIUS BROWN
    plaintiff

JAMES MICHAEL WILLIAMS
    plaintiff

KEVIN WILEY
    plaintiff

DAVID JORDAN
    plaintiff

LARRY WALKER, JR.
    plaintiff

ERIC F. MARSHALL
    plaintiff

ROBERTO SANCHEZ
    plaintiff

LAWRENCE GENOA
    plaintiff

GARFIELD EDWARDS
    plaintiff

JESSE BLALARK
    plaintiff

FRANCIS NWANKWO
    plaintiff

```
Docket as of March 12, 1999 8:49 am                    Page 4
```