EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| DEMETRIUS BROWN,<br>        Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-379E |
| | ) | |
| U.S. JUSTICE DEPARTMENT,<br>BUREAU OF PRISONS, FCI MCKEAN,<br>WARDEN JOHN J. LAMANNA,<br>REGIONAL DIRECTOR D. SCOTT<br>DODRILL, MEDICAL DIRECTOR<br>NEWTON E. KENDIG, DIRECTOR<br>HARLEY G. LAPPIN,<br>        Defendants. | ) | |


**DEMETRIUS BROWN'S AFFIDAVIT
FOR APPLICABLE LAW**

I, <u>DEMETRIUS BROWN</u>, herein as Plaintiff, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that:

1. Plaintiff has filed Tort Claim in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§1346(b) and 2671 et. seq. for personal injuries caused by exposure to ETS while incarcerated. Plaintiff seeks $10 million dollars. In addition, Plaintiff recently submitted for amendment, a "Bivens Claim" for constitutional violations as a result of such exposure.

2. Plaintiff's suit alleges acts or ommissions committed by several of the Defendants located in the State of Pennsylvania as well as Washington, D.C.

3. Tort Claim law calls for the law of the place where the acts or omissions occurred to be used, and not where the injury occurred. That, where there is multi-states involved, the choice-of-law regime of the jurisdiction in which the "last significant act" or omission occurred.

4. The Choice-of-Law Rules between Pennsylvania and Washington, D.C. would allow the District of Columbia laws to prevail in that the last significant act or omission was committed in the District of Columbia. See **Complaint at ¶9**; but see also Declaration of John J. LaManna at Defendants' Exhibit 4, ¶3.

5. Under District of Columbia laws, smoking is prohibited in any public assembly or hearing room, educational facility, healthcare facility frequented by the public, public or private work place, etc. See District of Columbia Law on **Health Care and Safety, Tobacco Smoking Restrictions §7-1703 et. seq.** Executive Order 13058 also protects Federal Employess and the Public From Exposure to Tobacco Smoke in the Federal Workplace. And that, Smoking is Prohibited in or outdoor of any Federal Building, or under its control. See **41 CFR §101-20.105-3(a).** See **Exhibit 4b**

I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

<u>2/6/06</u>
Dated

<u>Demetrius Brown</u>

2 of 2

EXHIBIT 4a

Case 1:04-cv-00379-SJM-SPB    Document 65-5    Filed 02/17/2006    Page 5 of 11

and services connected therewith or incidental thereto. The term "retail store" shall not include separate areas of a retail store which are used as a restaurant.

(7) "Smoking" or "to smoke" means the act of puffing, having in one's possession, holding or carrying a lighted or smoldering cigar, cigarette, pipe, or smoking equipment of any kind or lighting a cigar, cigarette, pipe or smoking equipment of any kind.

(Sept. 28, 1979, D.C. Law 3-22, § 3, 26 DCR 390; Mar. 29, 1988, D.C. Law 7-100, § 2(b), 35 DCR 1182.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed., § 6-912.
1973 Ed., § 6-822.

**Legislative History of Laws**
For legislative history of D.C. Law 3-22, see Historical and Statutory Notes following § 7-1701.

**Delegation of Authority**
Delegation of authority under D.C. Law 3-22, see the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

### Cross References

**Section References**
This section is referred to in § 7-1703.

### Library References

**Key Numbers**
Health and Environment ⬧=25.6(5.1).
Westlaw Key Number Search: 199k25.6(5.1).

**Encyclopedias**
C.J.S. Health and Environment §§ 91, 129 to 130.

**Other References**
1990 WESTLAW Citations 360240.

## § 7-1703.   Smoking restrictions.

Smoking shall be prohibited in the following:

(1) Any elevator, except in a single-family dwelling;

(2) Any public selling area of a retail store, except in a tobacco shop (or store primarily concerned with selling tobacco and smoking equipment);

(3) Any public assembly or hearing room which is owned or leased by any branch, agency, or instrumentality of the District of Columbia government; this subsection shall not apply to the District of Columbia National Guard Armory or to the Robert F. Kennedy Memorial Stadium;

(4) Any educational facility except as provided in § 7-1702(1);

(5) While transporting passengers within the corporate limits of the District of Columbia, any passenger vehicle owned or operated by the District of Columbia government, or any passenger vehicle for hire regulated under § 47-2829, except that smoking with the prior consent of all occupants of the vehicle shall be permitted when the vehicle is a limousine;

(6) Any area of a health care facility frequented by the general public, including hallways, waiting rooms and lobbies. The operator of a health care facility may designate separate areas as smoking areas.

(A) When a health care facility permits patients to smoke in bed space areas, such facility shall make a reasonable effort to determine a patient's individual nonsmoking or smoking preference and assign patients who are to be placed in bed space areas utilized by 2 or more patients to a bed space area with patients who have a similar smoking preference.

(B) Hospital staff, visitors and the general public shall not smoke in bed space areas utilized by nonsmoking patients. "No Smoking" signs shall be conspicuously posted in such bed space areas.

(7) Any restaurant except as permitted in § 7-1703.01.

(8) Any public or private workplace, except as provided in § 7-1703.02.

(Sept. 28, 1979, D.C. Law 3-22, § 4, 26 DCR 390; Mar. 29, 1988, D.C. Law 7-100, § 2(c), 35 DCR 1182; May 2, 1991, D.C. Law 8-262, § 2(a), 37 DCR 8434.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed., § 6-913.
1973 Ed., § 6-823.

**Legislative History of Laws**
For legislative history of D.C. Law 3-22, see Historical and Statutory Notes following § 7-1701.
For legislative history of D.C. Law 7-100, see Historical and Statutory Notes following § 7-1703.01.

**Delegation of Authority**
Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

### Library References

**Key Numbers**
Health and Environment ⬧=25.6(5.1).
Westlaw Key Number Search: 199k25.6(5.1).

**Encyclopedias**
C.J.S. Health and Environment §§ 91, 129 to 130.

**Treaties and Practice Aids**
398 Practising Law Institute Litigation and Administrative Practice: Litigation 391.
375 Practising Law Institute Litigation and Administrative Practice: Litigation 119.
352 Practising Law Institute Litigation and Administrative Practice: Litigation 207.

## § 7-1703.01.   Designated nonsmoking areas in restaurants; new construction and major renovation to existing restaurants; smoking areas.

(a) Except as provided in subsection (b) of this section, the owner, manager, or person in charge of any restaurant having a seating capacity of 50 or more shall designate at least 25% of the total seating capacity as a nonsmoking area. Bar and lounge seating in the restaurant is excluded from this total seating capacity calculation. Smoking shall be prohibited in these nonsmoking areas even if, after a certain hour, food is no longer served.

(b) Any new construction for the purpose of establishing a restaurant or major renovation, performed on or after March 29, 1988, to an existing restaurant, which has a seating capacity of 50 or more, shall contain a

## § 7-1703.01

### HEALTH CARE AND SAFETY

nonsmoking area that is at least 50% of the total seating capacity. Bar and lounge seating in the restaurant is excluded from this total seating capacity calculation. Smoking shall be prohibited in these nonsmoking areas even if after a certain hour, food is no longer served. In accordance with § 7-1705(c), the Mayor shall define the term "major renovation".

(c)(1) In areas where smoking is permitted pursuant to any provision of this subchapter, physical barriers or separate rooms may be used to the greatest extent possible to minimize the smoke in adjacent nonsmoking areas. Ventilation shall be in compliance with the District of Columbia laws and rules governing indoor ventilation.

(2) No area shall be designated as a smoking area where smoking is prohibited by the Fire Marshal or by other District of Columbia laws or rules.

(3) Smoking areas shall comply with all laws and rules of the District of Columbia.

(Sept. 28, 1979, D.C. Law 3-22, § 4a, as added Mar. 29, 1988, D.C. Law 7-100, § 7(b); 35 DCR 1182.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed. § 6-913.1.

**Legislative History of Laws**
Law 7-100, the "District of Columbia Smoking Restriction Act of 1979 Amendment Act of 1987," was introduced in Council and assigned Bill No. 7-218, which was referred to the Committee on Public Works. The Bill was adopted on first and second readings on January 19, 1988, respectively, the Mayor on February 11, 1988, it was signed Act No. 7-144 and transmitted to both Houses of Congress for its review.

**Delegation of Authority**
Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

### Cross References

**Section References**
This section is referred to in § 7-1703.

### Library References

**Key Numbers**
Health and Environment ⊘=25.6(5.1).
Westlaw Key Number Search: 199k25.6(5.1).

**Encyclopedias**
C.J.S. Health and Environment §§ 91, 129 to 130.

### § 7-1703.02. Regulation of smoking in any District of Columbia workplace.

(a) Any private or public employer in the District of Columbia ("District") shall, within 3 months of May 2, 1991, adopt, implement, and maintain a written smoking policy that contains the following provisions:

(1) Designation of an area in the workplace where smoking may be permitted. In an area where smoking is permitted, a physical barrier or separate room shall be used to minimize smoke in any nonsmoking area. Ventilation shall be in compliance with the District laws and rules that govern indoor ventilation.

668

### TOBACCO SMOKING RESTRICTIONS

### § 7-1703.03

(2) Notification to employees orally and in writing by conspicuously posting the employer's smoking policy within 3 weeks after the smoking policy is adopted. Any person in the workplace shall be subject to the posted smoking policy of the employer.

(b) The designation of a smoking area in the workplace affects employment relations and shall be a subject of collective bargaining in accordance with § 1-617.08(b).

(c) Nothing in the Smoking Regulation Amendment Act of 1990 shall be construed to prevent the owner or person in charge of a building or any part of a building from prohibiting smoking throughout the building or in any part of the building over which she or he has control.

(Sept. 28, 1979, D.C. Law 3-22, § 4b, as added May 2, 1991, D.C. Law 8-262, § 2(b), 37 DCR 8434.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed. § 6-913.2.

**Legislative History of Laws**
Law 8-262, the "Smoking Regulation Amendment Act of 1990," was introduced in Council and assigned Bill No. 8-581, which was referred to the Committee on Public Works. The Bill was adopted on first and second readings on November 20, 1990, and December 4, 1990, respectively. Signed by the Mayor on December 14, 1990, it was assigned Act No. 8-278 and transmitted to both Houses of Congress for its review.

**References in Text**
The "Smoking Regulation Amendment Act of 1990," referred to in (c), is D.C. Law 8-262.

### Cross References

**Section References**
This section is referred to in § 7-1703.

### Library References

**Key Numbers**
Health and Environment ⊘=25.6(5.1).
Westlaw Key Number Search: 199k25.6(5.1).

**Encyclopedias**
C.J.S. Health and Environment §§ 91, 129 to 130.

### § 7-1703.03. Prohibition of employment discrimination on the basis of tobacco use.

(a) No person shall refuse to hire or employ any applicant for employment, or otherwise discriminate against any employee with respect to compensation or any other term, condition, or privilege of employment, on the basis of the use by the applicant or employee of tobacco or tobacco products. Nothing in this section shall be construed as limiting a person from establishing or enforcing workplace smoking restrictions that are required or permitted by this subchapter or other District or federal laws, or in establishing tobacco-use restrictions or prohibitions that constitute bona fide occupational qualifications.

(b) Any employee or applicant for employment who is aggrieved by a violation of subsection (a) of this section may have a private cause of action against the person. An employee or applicant for employment shall pursue and exhaust all remedies available pursuant to any collective bargaining agreement,

669

## § 7-1703.03    HEALTH CARE AND SAFETY

grievance procedure, or other established means of resolving employer-employee disputes, to resolve a violation of subsection (a) of this section, prior to commencing a civil action.

(c) Any employee or applicant for employment who is aggrieved by a violation of subsection (a) of this section shall be entitled to recover any damages, including lost or back wages or salary. The court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

(Sept. 28, 1979, D.C. Law 3-22, § 4(b), as added Mar. 17, 1993, D.C. Law 9-240, § 2, 40 DCR 627.)

### Historical and Statutory Notes

**Prior Codifications**
1981 Ed. § 6-913.3.

**Legislative History of Laws**
Law 9-240, the "Prohibition of Employment Discrimination on the Basis of Tobacco Use Amendment Act of 1992," was introduced in Council and assigned Bill No. 9-504, which was referred to the Committee on Public Works. The Bill was adopted on first and second readings on December 1, 1992, and December 15, 1992, respectively. Signed by the Mayor on January 5, 1993, it was assigned Act No. 9-377 and transmitted to both Houses of Congress for its review. D.C. Law 9-240 became effective on March 17, 1993.

## § 7-1704. "No Smoking" signs.

(a) In any place, elevator, or vehicle in which smoking is prohibited, the owner, manager, or person in charge of the place, elevator, or vehicle shall post or cause to be posted signs that read, "No Smoking Under Penalty of Law", "No Smoking Except in Smoking Areas", or "Smoking in Accordance With Employer's Smoking Policy Only". In any place, elevator, or vehicle where smoking is restricted, the sign shall include the following warning: "Smoking causes lung cancer, heart disease, emphysema, and may cause fetal injury, premature birth, and low birth weight in pregnant women." Signs posted shall clearly state the maximum fine for a violation of this subchapter. Signs shall be visible to the public at the entrance to the area and on the interior of the area in sufficient number in a manner that gives notice to the public of the applicable law.

(b) Where smoking is prohibited pursuant to this subchapter all signs posted shall include the internationally recognized no smoking symbol. Where smoking is restricted pursuant to this subchapter all signs posted shall include the internationally recognized smoking symbol.

(c) It shall be unlawful for any person to obscure, remove, deface, mutilate, or destroy any sign posted in accordance with the provisions of this subchapter.

(Sept. 28, 1979, D.C. Law 3-22, § 5, 26 DCR 390; Mar. 29, 1988, D.C. Law 7-100, § 2(c), 35 DCR 1182; May 2, 1991, D.C. Law 8-262, § 2(c), 37 DCR 8434; Mar. 17, 1993, D.C. Law 9-223, § 2, 40 DCR 590.)

### Historical and Statutory Notes

**Legislative History of Laws**
For legislative history of D.C. Law 3-22, Historical and Statutory Notes following § 7-1701.

**Prior Codifications**
1981 Ed. § 6-914.
1973 Ed. § 6-824.

## TOBACCO SMOKING RESTRICTIONS    § 7-1705

For legislative history of D.C. Law 7-100, see Historical and Statutory Notes following § 7-1701.

For legislative history of D.C. Law 8-262, see Historical and Statutory Notes following § 7-1703.02.

Law 9-223, the "Smoking Regulation Amendment Act of 1992," was introduced in Council and assigned Bill No. 9-496, which was referred to the Committee on Public Works. The Bill was adopted on first and second readings on December 1, 1992, and December 15, 1992, respectively. Signed by the Mayor on December 31, 1992, it was assigned Act No. 9-354 and transmitted to both Houses of Congress for its review. D.C. Law 9-223 became effective on March 17, 1993.

**Delegation of Authority**
Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

### Cross References

**Action References**
This section is referred to in § 7-1706.

### Library References

**Key Numbers**
Health and Environment ⊂=25.6(5.1).
Westlaw Key Number Search: 199k25.6(5.1).

**Encyclopedias**
C.J.S. Health and Environment §§ 91, 129 to 130.

## § 7-1705. Enforcement.

(a) The owner, lessee, manager, operator or other person in charge of a facility or vehicle where smoking is prohibited pursuant to this chapter shall:
(1) Post and maintain the appropriate "No Smoking" signs; and
(2) Ask persons observed smoking in violation of this subchapter to refrain from smoking.

(b) Whenever the owner, lessee, manager or operator of a facility covered by this subchapter requires a license issued by the District of Columbia government in order to operate the facility, the owner, lessee, manager or operator shall comply with this subchapter as a requirement for receiving or renewing the license. Where an on-site inspection is required prior to issuance or renewal of a license, the inspector should certify that the appropriate signs have been posted. In those cases where an on-site inspection is not needed, a signed statement by the applicant that he has complied with this subchapter shall constitute sufficient evidence of compliance as required in this subsection. Violation of this subchapter shall be grounds for license suspension or revocation.

(c) The Mayor is authorized to promulgate any regulations needed to carry out the provisions of this subchapter.

(d) An aggrieved person or class of persons may bring an action in the Superior Court of the District of Columbia for injunctive relief to prevent any owner, lessee, manager, operator or person otherwise in charge of a facility or vehicle where smoking is prohibited pursuant to this subchapter from violating, or continuing to violate, any provision of this subchapter. For the purposes of this subsection, an "aggrieved person" shall be defined as any person subjected to tobacco smoke due to failure to comply with this subchapter.

(Sept. 28, 1979, D.C. Law 3-22, § 6, 26 DCR 390; Mar. 29, 1988, D.C. Law 7-100, § 2(d), 35 DCR 1182.)

§ 7-1705

HEALTH CARE AND SAFETY

**Historical and Statutory Notes**

For legislative history of D.C. Law 3-22, see Historical and Statutory Notes following § 7-1701.

**Cross References**

**Section References**

This section is referred to in § 7-1703.01.

**Prior Codifications**
1981 Ed., § 6-915.
1973 Ed., § 6-825.

**Legislative History of Laws**
For legislative history of D.C. Law 3-22, see Historical and Statutory Notes following § 7-1701.

**Library References**

**Key Numbers**
Health and Environment ⊂=25.6(9).
Westlaw Key Number Search: 199k25.6(9).

**Encyclopedias**
C.J.S. Health and Environment §§ 104
105, 150 to 154.

### § 7-1706. Penalties.

(a) Any person who violates any provision of this subchapter, other than § 4 of D.C. Law 3-22, by:

(1) In a posted "No Smoking" area or defacing or removing a "No Smoking" sign, or failing to post warning signs as set forth in § 7-1704(a) shall, upon conviction, be punishable by a fine of not less than $10 nor more than $50 for a 1st offense; and not less than $50 nor more than $100 for each 2nd or subsequent offense; or

(2) Obscuring, removing, defacing, mutilating or destroying any sign posted in accordance with the provisions of this subchapter, upon conviction, be punishable by a fine of not more than $300; or

(3) Failing to post or cause to be posted or to maintain a "No Smoking" signs and by failing to warn a smoker observed to be smoking in violation of this subchapter to stop smoking, as required by this subchapter, shall, upon conviction, be punishable by a fine of not more than $300. Each and every day that the violation continues shall constitute a separate offense, and penalties provided for in this paragraph shall be applicable to each separate offense; provided, that such penalties shall not be levied against any employee or officer of any branch, agency or instrumentality of the District of Columbia government.

(b) The Mayor is authorized to establish procedures for the issuance of citation to any person who violates this subchapter requiring the person to collateral in accordance with § 16-704 to assure the person's appearance in Superior Court of the District of Columbia to answer the citation, and collateral may be forfeited in lieu of an appearance as the Court may ...

(c) Issuances of citations pursuant to subsection (b) of this section shall constitute arrests nor shall forfeitures of collateral pursuant to said subsection constitute convictions. Records which may be maintained in connection

672

TOBACCO SMOKING RESTRICTIONS

§ 7-1708

the implementation of this section shall not constitute records of arrest under § 5-113.02, relating to arrest records, or paragraph (4) of § 5-113.01.

(d) Civil fines, penalties, and fees may be imposed as alternative sanctions for any infraction of any of the provisions of this subchapter, or any rules or regulations issued under the authority of this subchapter, pursuant to § 2-1801.01 et seq. Adjudication of any infraction of this subchapter shall be pursuant to § 2-1801.01 et seq.

(Sept. 28, 1979, D.C. Law 3-22, § 7, 26 DCR 390; Oct. 5, 1985, D.C. Law 6-42, § 411, 33 DCR 4450; Mar. 29, 1988, D.C. Law 7-100, § 2(g), 35 DCR 1182; May 2, 1991, D.C. Law 8-262, § 2(d), 37 DCR 8434.)

**Historical and Statutory Notes**

**Prior Codifications**
1981 Ed., § 6-916.
1973 Ed., § 6-826.

**Legislative History of Laws**
For legislative history of D.C. Law 3-22, see Historical and Statutory Notes following § 7-1701.

Law 6-42, the "Department of Consumer and Regulatory Affairs Civil Infractions Act of 1985," was introduced in Council and assigned Bill No. 6-187, which was referred to the Committee on Consumer and Regulatory Affairs. The Bill was adopted on first and second readings on June 25, 1985, and July 9, 1985, respectively. Signed by the Mayor on July 16, 1985, it was assigned Act No. 6-60 and transmitted to both Houses of Congress for its review.

For legislative history of D.C. Law 7-100, see Historical and Statutory Notes following § 7-1703.01

For legislative history of D.C. Law 8-262, see Historical and Statutory Notes following § 7-1703.02.

**Delegation of Authority**
Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

**Library References**

**Key Numbers**
Health and Environment ⊂=25.6(9).
Westlaw Key Number Search: 199k25.6(9).

**Encyclopedias**
C.J.S. Health and Environment §§ 104 to
105, 150 to 154.

### § 7-1707. Severability.

If any provision of this subchapter, or its application to a particular person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of this subchapter.

(Sept. 28, 1979, D.C. Law 3-22, § 9, 26 DCR 390.)

**Historical and Statutory Notes**

**Prior Codifications**
1981 Ed., § 6-917.
1973 Ed., § 6-827.

**Legislative History of Laws**
For legislative history of D.C. Law 3-22, see Historical and Statutory Notes following § 7-1701.

**Delegation of Authority**
Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

### § 7-1708. Exceptions.

This subchapter shall not prohibit smoking in the following areas:

(1) An area where smoking is permitted by any provision of this subchapter;

673

§ 7-1710. Smoking prohibitions pursuant to existing law.

Nothing in this subchapter shall make lawful smoking in any place in which smoking is prohibited pursuant to § 6-1401 et seq., § 35-251(b), or any other District of Columbia or federal law.

(Sept. 28, 1979, D.C. Law 3-22, § 12, as added Mar. 29, 1988, D.C. Law 7-100, § 2(j), 35 DCR 1182.)

**Historical and Statutory Notes**

**Delegation of Authority**

Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

**Prior Codifications**

1981 Ed., § 6-920.

**Legislative History of Laws**

For legislative history of D.C. Law 7-100, see Historical and Statutory Notes following § 7-1703.01.

### SUBCHAPTER II. DISTRIBUTION OF FREE CIGARETTES.

§ 7-1731. Distribution of free cigarettes prohibited; penalty.

(a) No person, agent, or employee of any person shall, in the course of doing business, distribute any free cigarettes or other tobacco product to any person on any public street, public sidewalk, public park, playground, in a public building, other public property, or private property open to the public, except that free cigarettes or other tobacco products may be distributed at a tobacco store, a convention, or a conference catering to adults.

(b) Any person who violates subsection (a) of this section shall, upon conviction, be fined not less than $250 for each violation.

(May 2, 1991, D.C. Law 8-262, § 5, 37 DCR 8434.)

**Historical and Statutory Notes**

**Prior Codifications**

1981 Ed., § 6-920.1.

**Emergency Act Amendments**

For temporary (90-day) requirement that certain manufacturers establish a reserve fund, see §§ 2 and 3 of the Tobacco Settlement Model Emergency Act of 1999 (D.C. Act 13-109, June 30, 1999, 46 DCR 5769).

For temporary (90-day) requirement that certain manufacturers establish a reserve fund, see §§ 2 and 3 of the Tobacco Settlement Model Congressional Review Emergency Act of 1999 (D.C. Act 13-139, September 28, 1999, 46 DCR 7963).

**Legislative History of Laws**

For legislative history of D.C. Law 8-262, see Historical and Statutory Notes following § 7-1703.02.

---

(2) A tobacco shop or store primarily concerned with selling tobacco and smoking equipment;

(3) Upon the stage by performers during the course of any theatrical performance if smoking is part of the theatrical production;

(4) A tavern or nightclub as defined in § 25-103(17) and (23), respectively; or

(5) A room or hall that is used for private social functions, which include weddings, banquets, and parties.

(Sept. 28, 1979, D.C. Law 3-22, § 10, as added Mar. 29, 1988, D.C. Law 7-100, § 2(j), 35 DCR 1182.)

**Historical and Statutory Notes**

which title was amended and enacted by D.C. Law 13-298. For disposition of the subject matter of former Title 25, see the Disposition Table preceding § 25-101.

**Prior Codifications**

1981 Ed., § 6-918.

**Legislative History of Laws**

For legislative history of D.C. Law 7-100, see Historical and Statutory Notes following § 7-1703.01.

**Delegation of Authority**

Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

**References in Text**

. Section 25-103, referred to in paragraph (4) of this section, is part of Title 25, D.C. Code,

**Library References**

**Key Numbers**

Health and Environment ⚖ 25.6(7).
Westlaw Key Number Search: 199k25.6(7).

**Encyclopedias**

C.J.S. Health and Environment §§ 98, 151.

§ 7-1709. Tobacco smoking education and smoking cessation programs.

The Mayor shall establish, in conjunction with the District of Columbia Commissioner of Public Health or any other agencies or departments of the District, a program to educate the general public on the issue of smoking involuntary smoking, the health risks involved, and the requirements of this subchapter, explaining what the subchapter does and why it is important. The Mayor shall establish a smoking cessation program that provides free counseling, information, and whatever other assistance is deemed necessary by the District of Columbia Commissioner of Public Health for the purpose of assisting, upon request, persons residing in the District of Columbia to stop smoking tobacco products.

(Sept. 28, 1979, D.C. Law 3-22, § 11, as added Mar. 29, 1988, D.C. Law 7-100, § 2(j), 35 DCR 1182.)

**Historical and Statutory Notes**

**Prior Codifications**

1981 Ed., § 6-919.

**Legislative History of Laws**

For legislative history of D.C. Law 7-100, see Historical and Statutory Notes following § 7-1703.01.

**Delegation of Authority**

Delegation of authority under D.C. Law 3-22, the District of Columbia Smoking Restriction Act of 1979, see Mayor's Order 90-192, December 13, 1990.

EXHIBIT 4b

Pursuant to Executive Order 13058, "Protecting Federal Employees and the Public From Exposure to Tobacco Smoke in the Federal Workplace" (3 CFR, 1997 Comp., p. 216), it is the policy of the executive branch to establish a smoke-free environment for Federal employees and members of the public visiting or using Federal facilities. The smoking of tobacco products is prohibited in all interior space owned, rented, or leased by the executive branch of the Federal Government, and in any outdoor areas under executive branch control in front of air intake ducts.

41   CFR § 101–20.105–3(a).