IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-379E |
| | ) | |
| U.S. JUSTICE DEPARTMENT, | ) | JUDGE MCLAUGHLIN |
| BUREAU OF PRISONS, FCI MCKEAN | ) | MAGISTRATE JUDGE BAXTER |
| WARDEN JOHN J. LAMANNA, | ) | |
| REGIONAL DIRECTOR D. SCOTT | ) | Electronically Filed |
| DODRILL, MEDICAL DIRECTOR, | ) | |
| DIRECTOR HARLEY G. LAPPIN, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION, AND MOTION TO CANCEL
TELEPHONIC HEARING REGARDING PLAINTIFF'S MOTION**

Defendant the United States of America, by its undersigned counsel, files this Opposition to Plaintiff's Motion for Preliminary Injunction, and Motion to Cancel the Telephonic Hearing Regarding Plaintiff's Motion, and in support thereof states as follows:

1. *Pro se* prisoner Demetrius Brown filed a Complaint in the above-captioned action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. In the Complaint, plaintiff seeks $10 million in damages for personal injuries allegedly caused by plaintiff's alleged exposure to secondhand smoke during his incarceration at a federal prison located in McKean County, Pennsylvania ("FCI McKean").

2. The United States filed the following motions in this action on January 3, 2006: (a) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; (b) Motion for Substitution of Party; and (c) Motion to Strike Demand for Trial by Jury.

3.  On February 17, 2006, plaintiff filed a number of documents, including a "Motion for Preliminary Injunction with Affidavit to Support Against Retaliation" ("Preliminary Injunction Motion"). The Court has scheduled a telephone hearing on this motion for Friday, March 3, 2006 at 2:00 p.m.

4.  Plaintiff's Preliminary Injunction Motion relates to the following alleged acts: (a) interference with plaintiff's access to the courts allegedly caused by his transfer from FCI McKean to a federal prison in New York ("FCI Ray Brook") during the pendency of a separate action pending in the Court of Appeals for the District of Columbia Circuit; (b) deliberate indifference to plaintiff's serious health needs, caused by his transfer from FCI McKean to FCI Ray Brook, where plaintiff is allegedly being exposed to ETS; (c) the alleged failure of the inmate account officer at FCI Ray Brook to withdraw funds from plaintiff's account for this case; (d) the alleged failure of FCI Ray Brook to supply sufficient typewriters, supplies, and legal materials, as well as that institution's alleged failure to establish reliable hours for inmates to access the law library; and (e) FCI Ray Brook's alleged failure to timely send outgoing legal mail, or deliver incoming legal mail to inmates. (*See* Preliminary Injunction Motion, ¶ 6 (a) - (e)).

5.  The Preliminary Injunction Motion should be denied and the telephonic hearing should be cancelled, however, because none of the acts complained of by plaintiff occurred at FCI McKean. To the contrary, all of the alleged acts occurred at FCI Ray Brook, the institution at which plaintiff has been designated since November 4, 2005. (*See* Declaration of Joyce Horikawa, ¶ 4 (attached as Exhibit 1.))

6.  Because the acts or omissions that plaintiff complains about occurred at FCI Ray Brook, venue is not proper in this Court. *See* 28 U.S.C. § 1402(b) ("Any civil action on a tort claim

against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."); *see also* 28 U.S.C. § 1404(a) (authorizing a district court to transfer a case to another district for the convenience of parties and witnesses, or in the interest of justice). Because FCI Ray Brook is located in Essex County, New York, venue is proper in the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 112(a) (Essex County located within the territorial District of the United States District Court for the Northern District of New York).

7.     Additionally, plaintiff's motion fails and the telephonic hearing should be cancelled because plaintiff has failed to exhaust his Administrative Remedies with regard to any of the alleged claims set forth in the Preliminary Injunction Motion. (*See* Declaration of Joyce Horikawa, ¶ 3 (attached as Exhibit 1.)) Plaintiff's concerns about, for example, legal mail and law library hours at FCI Ray Brook should be brought to the attention of the Warden of that institution before he brings them to the attention of any Court.

WHEREFORE, plaintiff's Preliminary Injunction Motion should be denied, and the telephonic hearing regarding that motion, scheduled for March 3, 2006, should be cancelled.

A proposed order is attached.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

/s/ Megan E. Farrell
MEGAN E. FARRELL
Assistant U.S. Attorney
Western District of PA
700 Grant St., Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
PA ID # 76972

Counsel for the United States of America

Dated: March 2, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of March, 2006, a true and correct copy of the within United States' Opposition to Plaintiff's Motion for Preliminary Injunction, and Motion to Cancel the Telephonic Hearing Regarding Plaintiff's Motion was served via first-class mail upon the following:

      Demetrius Brown
      #21534-039
      FCI Ray Brook
      P.O. Box 9001
      Raybrook, NY 12977

      /s/ Megan E. Farrell
      MEGAN E. FARRELL
      Assistant U.S. Attorney