IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEMETRIUS BROWN,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES JUSTICE DEPARTMENT,<br>BUREAU OF PRISONS, FCI MCKEAN,<br>WARDEN JOHN J. LAMANNA, REGIONAL<br>DIRECTOR D. SCOTT DODRILL,<br>MEDICAL DIRECTOR NEWTON E. KENDIG,<br>DIRECTOR, HARLEY G. LAPPIN,<br>    Defendants. | CIVIL ACTION NO. 04-379E<br><br>JUDGE MCLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |

## MOTION TO APPEAL ORDER

**COMES NOW,** <u>DEMETRIUS BROWN</u>, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, for Appeal of Order [Document #67] to a District Judge, Judge McLaughlin, pursuant to Local Rule 72.1.3 B. As such, Plaintiff appeals the Magistrate Judge's Order, Judge Baxter, dismissing his Motion for Preliminary Injunction as moot due to Plaintiff having been transferred outside the jurisdiction of the Court. Further, Plaintiff appeals the Magistrate Judge's Order, Judge Baxter, cancelling the hearing on the Motion. See **Exhibit A.**

In support, Plaintiff hereby affirms and declares the following:



I. <u>Extraterritorial Jurisdiction</u>

    1. Courts are permitted to enjoin acts occurring outside their territorial jurisdiction when the injunctive relief is merely ancillary to an underlying proceeding over which the Court unquestionably has jurisdiction.

    2. A Court having jurisdiction of the parties may grant and enforce an injunction, even though the subject matter affected is beyond its territorial jurisdiction, or require the party enjoined to do or refrain from doing anything beyond its territorial jurisdiction which it could require that party to do or refrain from doing within the jurisdiction.

    3. Thus, a Court having jurisdiction of the parties may enjoin the prosecution of an action in another state or country. See <u>Injunctions</u>, 42 Am Jur 2d §235.

    4. Here, the Plaintiff's Motion for Preliminary Injunction against retaliation is ancillary to the ongoing Motion to Amend forth Bivens Action for which the Court unquestionably has jurisdiction. Plaintiff has made the request for relief in his Tort Action that he and others not be retaliated against for the filing of the action into Court. Plaintiff now, subsequently, seeks preliminary ruling that would advance the cause for irreparable injury should it occur that he is denied First Amendment right to Access to the Court by way of transfer, harassment, failure to supply equipment and materials, etc.

5. The Court, as well, has jurisdiction over the parties in the matter. The Plaintiff's initial cause arising from Tort Action in which he has complained of the acts or ommissions of the agency and officials of the United States in which the injury occurred, in Pennsylvania and elsewhere. That Plaintiff's filing of complaint voluntarily submitted him to the jurisdiction of the Court. In addition, Plaintiff's subsequent Motion to Second Amend adding Bivens Claim submits him to the Court's jurisdiction.

6. The Defendants in this case have been served process either personally or by certified mail and have also submitted to the jurisdiction of the Court through Counsel, Megan E. Farrell, upon Plaintiff's Claim for Tort. The Defendant's have yet to be served process upon Plaintiff's Claim for Bivens violation, but nevertheless are before the Court upon the Claim for Tort for which a Bivens Claim is permitted to run alongside. See <u>Injunctions</u>, 42 Am Jur 2d §239 (The public officials whose duty it is to effectuate or carry out public laws or regulations must be made defendants in any suit to enjoin their enforcement).

7. As such, the Court has jurisdiction over the United States Justice Department, the Bureau of Prisons, Director Harley G. Lappin, and Regional Director D. Scott Dodrill in which to effect preliminary injunction regardless of whether Plaintiff has transferred outside the jurisdiction of the Court due to these named individuals as party defendants in the case. That, these defendants, who have voluntarily submitted to the Court's jurisdiction maintain

an everyday custody control over Plaintiff in a supervisory capacity through what is called the Central Inmate Monitoring System (CIM), whether in or outside the Court's jurisdiction. See **Exhibit B.**

8. That, Plaintiff's Central Inmate Monitoring (CIM) classification shows cause for the Court's authority to hear and determine his Motion for Preliminary Injunction against Prison Officials' conduct for retaliation. For this reason, Officials at the Regional and/or Central Offices are solely the authorizing authority to monitoring Plaintiff's custody. This means deciding transfers to and from any of the numerous BOP run prisons, as well as temporary release and participation in community activities at any time, and under whatever conditions.

9. Particularly, Director Harley J. Lappin and Regional Director D. Scott Dodrill, both of the BOP and Defendants in this case, are the sanctioning authority to Plaintiff's CIM Classification, as well as the sanctioning authority concerning whether any abusive retaliatory conduct is to be taken against Plaintiff. As a result, the Court has jurisdiction over Defendants Lappin and Dodrill who have appeared in this Court through counsel and while the Defendants have direct custodian control over Plaintiff under his CIM Classification.

II. <u>Hearing on Preliminary Injunction</u>

    10. Although, there is no absolute right to a hearing on Preliminary Injunction, a hearing is customarily held and is the preferred procedure.

    11. An evidentiary hearing is required if genuine issues of material fact are raised by the response to the motion for Preliminary Injunction, or when the facts are bitterly contested and credibility determinations must be made to decide whether the injunctive relief should issue.

    12. In any case, the purpose of a Preliminary Injunction is to preserve the status quo, not to decide the issues on their merits. For this reason, the hearing... is not intended to be a full scale hearing on the merits. The kind and extent of the hearing that will be held on a motion for an interlocutory injunction is a matter committed to the discretion of the court. See <u>Injunctions</u>, 42 Am Jur 2d §259.

    13. Here, on March 2, 2006, the Court upon receiving Plaintiff's Motion for Preliminary Injunction, ordered hearing scheduled for Friday March 3, 2006 at 2:00 p.m. by way of telephonic conference.

    14. In response, the Defendants submitting Opposition to Plaintiff's request noted that, "the Preliminary Injunction Motion should be denied and the telephonic hearing should be cancelled, however, because none of the acts complained of by plaintiff occurred

at FCI McKean." Also, noting, "because plaintiff has failed to exhaust his Administrative Remedies with regard to any of the alleged claims set forth in the Preliminary Injunction Motion." See <u>Defendants' Opposition</u> at ¶5 and ¶7.

15. The Defendants response raises a genuine issue of material fact in that whether the Court could obtain jurisdiction over conduct alleged retaliatory to First Amendment Rights to Access to the Court where there is question whether acts or omissions caused by Defendants in the territory of the Court are also resulting in continued retaliatory conduct by certain same Defendants outside the territory of the Court.

16. Further, Defendants response raises a genuine issue of material fact in that whether exhaustion of Administrative Remedy would be necessary in the event of irreparable injury of Plaintiff's First Amendment Right to Access to the Court while this case is pending before the Court. Plaintiff's ability to prosecute this case unobstructed is crucial to maintaining suit. Therefore, weighing the pursuit of a drawn out process of Administrative Remedies against seeking instead a Preliminary Injunction in an action already pending before the Court, thus risking to forfeit the prosecution of the pending action.

17. In this regard, Plaintiff's motion for Preliminary Injunction is to preserve the status quo by ensuring that the matter pending before the Court go unobstructed, unimpeded, or not tampered with

by Defendants in anykind of way which would deny Plaintiff Access to the Court.

    18. There is no need to submit grievances in a matter already pending before the Court in which Access to such is already too, guranteed by the First Amendment of the Constitution. For this reason, at a hearing, the Court would not have to face the issue of deciding the merits of a cause.

    **WHEREFORE,** Plaintiff appeals Magistrate Judge Baxter's Order dismissing his Motion for Preliminary Injunction as moot and also cancelling the hearing on the Motion to Judge McLaughlin for an Order to Reverse.

    I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

_3-8-06_
Dated

                                                            _Demetrius Brown_

cc:file
db/db

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BROWN<br>      Plaintiff | )<br>)<br>)<br>)   C.A. No. 04-379 Erie<br>) |
| US DEPARTMENT OF JUSTICE, et al<br>      Defendants | )<br>)<br>) |

### ORDER

Therefore, this <u>2nd</u> day of March, 2006;

IT IS ORDERED that Plaintiff's motion for preliminary injunction [Document # 62] is DISMISSED as moot in that Plaintiff has been transferred outside the jurisdiction of this Court.

IT IS FURTHER ORDERED that the hearing on the motion scheduled for March 3, 2006 is canceled.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

<u>S/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

**EXHIBIT B**

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**NOTIFICATION OF CENTRAL INMATE MONITORING (*CIM*)**
**CLASSIFICATION OR DECLASSIFICATION**

| NAME | REGISTER NUMBER |
|---|---|
| BROWN, Demetrius | 21534-039 |

| DATE | INSTITUTION |
|---|---|
| 7-24-1997 | FCI, McKean County, PA |

## ☐ I. CLASSIFICATION

This is to advise you of your classification as a **CIM** Case. This classification does not preclude you from transfer, temporary release, or participation in community activities recommended by the Warden, but it requires review by the Regional and/or Central Office for such participation to occur. This classification will be reviewed (depending on your **CIM** assignment) by the Warden or Regional Office within 60 days to determine if a sound basis exists to continue you as a CIM case. You will be advised only if your classification changes as a result of this review.

You may submit any objections to this classification directly to the review authority (address available from Unit Staff). A **CIM** classification not changed in 60 days from the date of this notification is final and may be appealed through the Administrative Remedy Procedure.

### A. CIM ASSIGNMENTS

Separation

### B. RATIONALE FOR CLASSIFICATION

You are to be housed separately from other specified individual(s) for your mutual protection during your federal confinement.

**INMATE SIGNATURE**
[signature: Demetrius Brown]

| TYPED NAME & SIGNATURE OF STAFF MEMBER | DATE |
|---|---|
| R.A. Bair | 7-24-1997 |

## ☐ II. DECLASSIFICATION
Rationale for removal.

**INMATE SIGNATURE**

| TYPED NAME & SIGNATURE OF STAFF MEMBER | DATE |
|---|---|
|  |  |

ORIGINAL – Central File
CANARY – Regional Office
PINK – Inmate

USP LVN                 Previous editions not usable                 BP-340(51)
                                                                      SEPTEMBER 1990

Case 1:04-cv-00379-SJM-SPB    Document 68    Filed 03/14/2006    Page 12 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

```
DEMETRIUS BROWN,                    )
        Plaintiff,                  )
                                    )
                                    )
        v.                          )   CIVIL ACTION NO. 04-379E
                                    )
UNITED STATES JUSTICE DEPARTMENT    )   JUDGE MCLAUGHLIN
BUREAU OF PRISONS, FCI MCKEAN,      )   MAGISTRATE JUDGE BAXTER
WARDEN JOHN J. LAMANNA, REGIONAL    )
DIRECTOR D. SCOTT DODRILL,          )
MEDICAL DIRECTOR NEWTON E. KENDIG   )
DIRECTOR HARLEY G. LAPPIN,          )
        Defendants.                 )
```

ORDER

**AND NOW,** this _____ day of March, 2006,

**IT IS HEREBY ORDERED,** that Plaintiff's MOTION TO APPEAL ORDER [Document #67] for the **REVERSAL** of Magistrate Judge Baxter's Order dismissing his Motion for Preliminary Injunction as moot and cancelling the hearing on the Motion is **GRANTED**.

**IT IS FURTHER ORDERED,** that the Magistrate Judge shall Order hearing on Plaintiff's Motion for Preliminary Injunction forthwith this ORDER.

**IT IS FURTHER ORDERED,** that the parties are allowed ten (10) days from this date to appeal this order to the Third Circuit. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

/s/ _____

cc: Megan E. Farrell
    Demetrius Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEMETRIUS BROWN,<br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES JUSTICE DEPARTMENT<br>BUREAU OF PRISONS, FCI MCKEAN,<br>WARDEN JOHN J. LAMANNA, REGIONAL<br>DIRECTOR D. SCOTT DODRILL,<br>MEDICAL DIRECTOR NEWTON E. KENDIG<br>DIRECTOR HARLEY G. LAPPIN,<br>    Defendants. | CIVIL ACTION NO. 04-379E<br><br>JUDGE MCLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |

**PROOF OF SERVICE**

    I, <u>DEMETRIUS BROWN</u>, do swear or declare that on this date, March 8th 2006, as required by Fed.R.Civ.P. 4 and 5, I have served the enclosed MOTION TO APPEAL ORDER [Document #67] to district judge on each party to the above proceeding or that of party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in FCI RayBrook's internal mail system for mail in the United States, mail properly addressed to each of them and with first-class postage prepaid.

The names and addresses of those served are as follows:

MEGAN E. FARRELL              at     700 Grant St. Suite 4000
Assistant U.S. Attorney                    Pittsburgh, PA. 15219
Western District of PA                    (412) 894-7429
                                                        PA ID #76972

I declare under penalty of perjury that the foregoing is true and correct. Executed on _March 8_____, 2006

                                                               _/s/ Demetrius Brown_

3/8/06

Dear Clerk of Court:

    Enclosed you will find one (1) original copy of a Motion to Appeal Order to a District Judge. Please file with the Court accordingly. Thank you very much for your time and consideration.

                                              Sincerely,

                                              *Demetrius Brown* (signature)
                                              Demetrius Brown
                                              Reg. No. 21534-039
                                              FCI RayBrook
                                              P.O. Box 9001
                                              RayBrook, NY. 12977

cc:file
db/db