IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DEMETRIUS BROWN,<br>          Plaintiff,<br><br>     v.<br><br>U.S. JUSTICE DEPARTMENT,<br>BUREAU OF PRISONS, FCI MCKEAN,<br>WARDEN JOHN J. LAMANNA,<br>REGIONAL DIRECTOR D. SCOTT<br>DODRILL, MEDICAL DIRECTOR<br>NEWTON E. KENDIG, DIRECTOR<br>HARLEY G. LAPPIN,<br>          Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-379E<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION with leave TO SECOND AMEND COMPLAINT
WITH JURISDICTIONAL STATEMENT ADDING, INADD-
ITION TO 'FTCA' JURISDICTION, A FEDERAL
QUESTION JURISDICTION AGAINST DEFENDANTS
IN THEIR INDIVIDUAL CAPACITIES FOR A "BIVENS
CLAIM" IN VIOLATION OF THE EIGHTH AND FOUR-
TEENTH AMENDMENTS.**

   **COMES NOW,** <u>DEMETRIUS BROWN</u>, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, Erie Division, for MOTION with leave TO SECOND AMEND COMPLAINT WITH JURISDICTIONAL STATEMENT ADDING, INADDITION TO 'FTCA' JURISDICTION, A FEDERAL QUESTION JURISDICTION, under 28 U.S.C. §1331, AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES FOR A "BIVENS CLAIM" IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS pursuant to 28 U.S.C. §1653 and Federal Rules of Civil Procedure 15(a).

In support, Plaintiff affirms that:

1. Defendants will not be prejudiced. Defendants have actual and constructive knowledge of Plaintiff's claims by way of the Federal Tort Claims, as well as through the Administrative Remedy Program.

2. Plaintiff has exhausted those remedies consistent with the Administrative Remedy Program for to put Defendants on notice to claims proceeding under the Constitution for his pain and sufferring.

3. Plaintiff's complaint is implicit of constitutional violations under the 8th and 14th Amendments, so as to put Defendants on notice of violations committed by them causing personal injuries to Plaintiff.

4. Under Federal Rules of Civil Procedure, Rule 9, it states that;   "It is not necessary to aver the capacity of a party to sue or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court..."

5. Under 28 U.S.C. §1653, it states;

   "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

6. Under Federal Rules of Civil Procedure, Rule 15(c), it states,   "An amendment of a pleading relates back to the date of the original pleading when (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied

>and, within the period provided by Rule 4(m)
>for service of the summons and complaint,
>the party to be brought in by amendment (A)
>has received such notice of the institution
>of the action that the party will not be
>prejudiced in maintaining a defense on the
>merits, and (B) knew or should have known
>that, but for a mistake concerning the ident-
>ity of the proper party, the action would
>have been brought against the party.

7. The parties have been served process and have submitted to the Court's jurisdiction, however in their official capacities under the 'FTCA'. Defendants- U.S. Justice Department, Bureau of Prisons and Harley G. Lappin have been personally served process. Defendants- U.S. Attorney General, John J. LaManna, D. Scott Dodrill and Medical Director Newton E. Kendig have been served process by certified mail. The Defendant U.S. Attorney for the Western District of Pennsylvania has submitted to the jurisdiction of the Court on behalf of all the Defendants through Assistant U.S. Attorney Megan E. Farrell.

8. The complaint implies the joinder of parties where Plaintiff, as a request for relief, seeks judgment severally of the Defendants.

9. Plaintiff's "Bivens Claims" due to constitutional violations are within the statutory limitations period for 2 years. And therefore, effecting new service for personal jurisdiction on Defendants is no harm.

10. Defendants- John J. LaManna, D. Scott Dodrill, Harley G. Lappin, and Newton E. Kendig hereby sued in their official

capacity is now by second amendment sued in their individual capacity under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) for violations under the Eighth and Fourteenth Amendments.

11. John J. LaManna while warden at FCI McKean violated Plaintiff's constitutional right under the Eighth Amendment by wanton and reckless disregard of Plaintiff's right to be free of exposure to Environmental Tobacco Smoke (ETS). That, John J. LaManna deliberately with indifference caused policy to be implemented and/or carried out for ETS to be spreaded, thus causing Plaintiff to be exposed and contrary to his request not to be. That, John J. LaManna wantonly, deliberately with indifference refused Plaintiff's Administrative Request to not be exposed to ETS.

12. D. Scott Dodrill wantonly with reckless disregard, deliberately with indifference to Plaintiff, allowed policy in place to stand at FCI McKean while exercising Regional Director authority to disapprove such. That, D. Scott Dodrill wantonly with reckless disregard, deliberately with indifference ignored Executive Order declaring a cease and desist order for smoking in all Federal Buildings. That, D. Scott Dodrill deliberately with indifference denied equal protection to Plaintiff with that of Staff Members who were explicitly protected by Executive Order for non-smoking. That, D. Scott Dodrill wantonly, deliberately with indifference refused Plaintiff's Administrative Request to not be exposed to ETS.

   13. Newton E. Kendig wantonly with reckless disregard, deliberately with indifference to Plaintiff failed to curb non-compliance for indoor for indoor smoking beyond those times specified by policy. That, Newton E. Kendig wantonly with reckless disregard deliberately with indifference to Plaintiff failed to disaprove continued policies allowing for indoor smoking in conjunction with Executive Order.

   14. Harley G. Lappin, wantonly with reckless disregard, deliberately with indifference to Plaintiff allowed policy in place to stand, allowing smoking Bureau wide, while exercising Director authority over the entire Bureau of Prisons to disapprove such. That, Harley G. Lappin wantonly with reckless disregard, deliberately with indifference ignored Executive Order declaring a cease and desist Executive Order declaring a cease and desist Order for smoking in all Federal Buildings.


   I, <u>DEMETRIUS BROWN</u>, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

<u>2/6/06</u>                                          *Demetrius Brown*
Dated

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

DEMETRIUS BROWN,  )
    Plaintiff,  )
)
)
    v.  )  Civil Action No. 04-379E
)
U.S. JUSTICE DEPARTMENT,  )
BUREAU OF PRISONS, FCI MCKEAN,  )
WARDEN JOHN J. LAMANNA,  )
REGIONAL DIRECTOR D. SCOTT  )
DODRILL, MEDICAL DIRECTOR  )
NEWTON E. KENDIG, DIRECTOR  )
HARLEY G. LAPPIN,  )
    Defendants.  )


**PROOF OF SERVICE**


    I, <u>DEMETRIUS BROWN</u>, do swear or declare that on this date, February 14th 2006, as required by Fed.R.Civ.P. 4 and 5(a), I have served the enclosed MOTION OPPOSING: DEFENDANT'S MOTION FOR SUBSTITUTION OF PARTY; MOTION REQUESTING TO STRIKE DEMAND FOR TRIAL BY JURY; MOTION TO DISMISS OR, IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION with leave TO SECOND AMEND COMPLAINT, PLAINTIFF'S MOTION FOR JOINDER, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, MOTION FOR ORDER OF PHYSICAL EXAMINATION, AND EXHIBITS 1-4 with Affidavits to Support on each party to the above proceeding or that of party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in FCI RayBrook's internal mail system for

1 of 2

mail in the United States, mail properly addressed to each of them and with first-class postage prepaid.

The names and addresses of those served are as follows:

MEGAN E. FARELL
Assistant U.S. Attorney
Western District of Pennsylvania
700 Grant St. Suite 4000
Pittsburgh, PA. 15219
(412) 894-7429
PA ID #76972


I declare under penalty of perjury that the foregoing is true and correct. Executed on ___February 14th___, 2006

*Demetrius Brown*

cc:file
db/db