# Exhibit 1b

**PART 1 Notice to Inmate:** Be advised that before filing a Request for Administrative Remedy Form BP-9, you **MUST** attempt to informally resolve your complaint through your Correctional Counselor. Briefly state complaint below, and list what efforts you have made to resolve your complaint informally, stating names of staff contacted.

This Informal Resolution was issued by Correctional Counselor, WATSON on 12/25/03 and returned to the counselor on 12/25/03.
                                                                    Date                      Date

Inmate's Name **Demetrius Brown**    Reg. No. **21534-039**    Unit **CB**

1. **Complaint:** I would like to make complaint that John J. LaManna, Warden of FCI McKean is in vie of a trade to distribute, sale, administer and/or provide for - to inmates - tobacco products that fume hazzardous smoke causing cancer. That, as a result, Warden LaManna is in total disregard to separating smokers from non-smokers (including myself). This lack of consideration for the health of myself as well as other non-smoking inmat constributes to a deliberate indifference and cruel and unusual suffering posed from second-hand smoke which for a fact leads to cancer.

2. **Efforts made to informally resolve and staff contacted:** Informal resolution is not remedial. However, to make formal resolution, I resolve that the Warden impose regulation that would separate all smokers from those of non-smokers by creating separate housing for non-smokers only. Also to compensate myself in the amount of ten million dollars ($10,000,000.00) for all smoke related injuries caused by tobacco smoke over the last 6+ years that I've been incarcerated at FCI McKean as well as to compensate for any future cancer related problems due to econd-hand smoke.

_____                               21534-039
Inmate's Signature                                      Inmate's Reg. No.

*********************************************************************

**PART 2 Correctional Counselor's Comments:**

1. Efforts made to informally resolve: _SEE ATTACHED_

Date informally resolved or BP-9 issued: _____

Counselor's Signature: _____, Counselor 12/30/03

*********************************************************************

**Distribution:** If complaint is **NOT** informally resolved, forward original Administrative Remedy to the Warden (attn: Warden's Secretary) through your unit team.

## BP-8 Response attachment

**Name:** Brown, Demetrius

**Reg. #:** 21534-039

**Date:** December 30, 2003

**Concern:** Smoking

In your attached concern, you state that you feel smokers and non-smokers should live in separate housing units. It should be noted that this would not be practical as there are many more smokers at this facility than non-smokers. This grievance is also rather intriguing as I have had to warn you in the past for smoking in the pool table area and have told you last year that if you were indeed a smoker, that you would be moved from your current cell (118) to an upstairs cell. You indicated at that time that you only smoked once in a while and that you were going to quit so you would not lose your cell.

In regard to your specific situation, you are currently housed in a non-smoking cell with a non-smoker cellmate. Also, you fail to provide any documentation of the injuries you have incurred since your arrival at McKean.

Therefore, this grievance lacks any merit and no relief is warranted at this level. It is suggested that you cease your own smoking if you have not already to avoid any possible effects in the future.

N. Watson, Counselor 12/30/03

U.S. DEPARTMENT OF JUSTICE                                     REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

WARDEN'S OFFICE
FCI, MCKEAN, PA

From: **Brown, Demetrius D.**                 21534-039              CB              FCI McKean
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.              UNIT            INSTITUTION

04 JAN -8 PM 1:49

Part A- INMATE REQUEST   I am appealing the BP-8 Response dated 12/30/03 by Counselor Watson. In Watson's Response he asserts that it would not be practical for the Warden to separate smokers from non-smokers by assigning separate housing. He also, asserts that he was had to warn me in the past about smoking. To begin with, Watson is not the Warden. He has neither the capacity nor the authority to say what's practical and what is not by organizing a move to separate smoker from non-smokers. But, besides that, practicality is not an issue when it comes to the health and life of an individual. For this reason, Watson is inconsiderate. Above more, Watson is a bareface lie when he alleges that he has had to warn me in the past about smoking. I do not smoke, have never smoked, and will not ever smoke. Smoking is in violation of my Religion for one, and for two it is bad for my health. And anyone who knows me will attest to the same including my past and present cell mates. To note in addition, even as Watson fails to recall. My injuries are stated in that I suffer from breathing second hand smoke. That, as a result of this, cancer has had the opportune to develop over the 6½ years that I've been incarcerated at FCI McKean, and will continue to develop in stages if I am to continue to suffer. Therfore, I request that the Warden seperate smokers from non-smoker's and to compensate me in the amount of $10,000,000.00 (ten million dollars).

_____1/7/04_____                                           _____
      DATE                                                 SIGNATURE OF REQUESTER

Part B- RESPONSE




_____                                      _____
       DATE                                                WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                                 CASE NUMBER: 321868

                                                           CASE NUMBER: _____
Part C- RECEIPT
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT             INSTITUTION
SUBJECT: _____

_____                                      _____
       DATE                                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP...

BROWN, Demetrius
Reg. No.: 21534-039
MCK 321868-F1

## Part B - Response

This is in response to your Request for Administrative Remedy, receipted in my office on January 8, 2004, wherein you request smokers to be separated from non-smokers, and to be compensated in the amount of $10,000,000.

According to Program Statement 1640.03 Smoking/No Smoking Areas, the Bureau of Prisons will restrict areas and circumstances where smoking is permitted within its institutions and offices. At all low, medium, high, and administrative institutions, the Warden may, but is not required to, designate a limited number of indoor smoking areas. To the extent practicable, living facilities shall be separated into smoking and nonsmoking areas sufficient to accommodate all nonsmokers. It further states areas where smoking shall not be permitted. Housing units is not listed in this section.

At this institution, the Warden has designated lower tiers of the housing units to be a nonsmoking area. For this reason, you have been assigned to a lower tier in your housing unit.

Based on this information, your Request for Administrative Remedy is denied.

In the event you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the regional director.

1-21-04
Date

John J. LaManna, Warden

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Brown, Demetrius  D.__     __21534-039__     __CB__     __FCI McKean__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**   I am appealing the Warden's BP-9 Response (MCK 321868-F1) dated 1/7/04 denying my request that smoking inmates be separated from non-smoking inmates by assigning separate Housing Units and to compensate me in the amount of $10,000,000.00 (ten million dollars). Here, the Warden's Response is that according to Program Statement 1640.03 Smoking/No Smoking Areas, the Warden may but is not required to, designate a limited number of indoor smoking areas. That to the extent practicable living facilities shall be separated into smoking and non-smoking areas. Noting also, that Housing Units is not listed in the section where smoking shall not be permitted. For this reason, the Warden states that at this institution, it has been designated that lower tiers of the Housing Units to be a nonsmoking areas. -However, this Response to policy is ineffective. See MCK 1640.3;((b)(2)(a) Housing Units: Smoking is only permitted in inmate rooms...There is no smoking in the common areas, other multipurpose areas, or entrance ways of the housing units.) The Warden in this case would simply not allow smoking on the lower tiers. But, such is not the case where at McKean the lower tiers and the upper tiers are not separated by much more than a railing which in such case amounts to it being one area. Also, the concern is that Housing Units are filled to their capacities thereby making congestion a major problem and with ventilation systems that carry smoke to nonsmoking areas. Another concern is that because the upper tiers cannot be separated from the lower tiers and that they are considered therefore to be one area, physical exercise and food preparation are obviously affected.-Smoking is a Health Hazard to all non-smoking inmates

__1/29/04__                                       __Demetrius Brown__
     DATE                                           SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

     DATE                                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY              CASE NUMBER: __321868__

**Part C—RECEIPT**

                                                               CASE NUMBER: _____

Return to: _____     __MCK__
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

BP-230(13)

(Continuation Page)

for the simple fact that (ETS) is distributed by second smoke, thus causing cancer. The practicability of separating smokers from non-smokers is feasible as there are enough non-smokers at the institution to implement a non-smoking only unit. If the Warden is able to create non-smoking in lower tiers then he is able to combine two units that have lower tier non-smoking to create one unit with non-smoking both upper and lower tier.   -To give preference of a non-smoking inmate over smoking inmates when it comes to the designating the labeling of a room non-smoking is beyond reason to not designate a unit a non-smoking unit. As stated, because smoke is a gas that passes through the environment unimpeded and uncontrolled, it is a hazzard for non-smoking inmates living in Housing Units. Noting also, the unenforced rule and the uninflicted cravings of a smoking inmate, that as evident in this institution, smokers not only smoke in their rooms but they smoke just as well in the "prohibited" areas of the unit i.e. common area, mop closets, laundry rooms, microwave room and lower tiers + cells.

    For this reason, I affirm my request that the Warden separate smoking inmates fr non-smoking inmates and to compensate me in the amount of $10,000,000.00 for the pain and suffering over the last 6+ years I've been incarcerated at FCI McKean due to cancer's opportune to develop as well as its future possibilities of arising.

**BROWN, Demetrius**
Reg. No. 21534-039
Appeal No. 321868-R1
Page One

---

### Part B - Response

In your appeal, you state you are being exposed to Environmental Tobacco Smoke (ETS) by other inmates in the housing units at FCI McKean. You contend the administration's policy designating lower tiers of the housing units as non-smoking areas is ineffective. You state the cravings of smokers cause them to smoke in prohibited areas in the unit. You request the Warden separate smoking inmates from non-smoking inmates. You also request to be compensated $10,000,000.00 for pain and suffering while incarcerated at FCI McKean for over six years, due to the possibility of cancer developing now and in the future.

Program Statement 1640.03, <u>Smoking/No Smoking Areas</u>, authorizes the Warden at each institution to designate smoking and non-smoking areas. As indicated by the Warden, the lower tiers of the housing units have been designated as non-smoking areas. You have been assigned to the lower tier of your housing unit. Institution staff at FCI McKean has been diligent in their efforts to enforce the smoking policy and to take appropriate disciplinary action against violators. You also have a responsibility to report violations of this policy to staff to ensure violators are held accountable for their actions. Staff will continue to monitor smoking in an attempt to alleviate smoking by inmates in prohibited areas. If you feel you are experiencing medical problems, you need to sign up for sick call to be evaluated by Health Services.

Additionally, you cannot receive monetary compensation for alleged pain and suffering via a Request for Administrative Remedy. You may request money damages by submitting a claim to the Regional Counsel under the Federal Tort Claims Act. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: March 2, 2004                          D. SCOTT DODRILL
                                             Regional Director

U.S. Department of Justice  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Brown, Demetrius     21534-039     CB     FCI McKean
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**  I am appealing Regional Director, D. Scott Dodrill's Response dated March 2, 2004 denying my Regional Administrative Appeal (BP-10). To reiterate, I appeal that smoking inmates be separated from non-smoking inmates by assigning separate Housing Units and to compensate me in the amount of $10,000,000.00 (ten million dollars) for my pain and suffering. For this reason, the Administration (FCI McKean's) policy of designating lower tiers of the Housing Units to be non-smoking areas is ineffective. See MCK 1640.3;((b)(2)(a) Housing Units: Smoking is only permitted **in inmate rooms**... There is no smoking in the common areas, other multipurpose areas, or entrance ways of the housing units.) Here, FCI McKean's Administration (Warden) in this case, would simply not allow smoking on the lower tier. This says nothing about the upper tier where it is infested with smoking. And since the upper tier and lower tier are not separated by much more than a steel railing, means that it is one area and hence means that the lower tier is as well infested with smoking. Also, the concern is that Housing Units are filled to their capacities thereby making congestion a major problem, and the problem that the ventilation system carries smoke to non-smoking areas. Another concern, is that because the upper tier is not separated from the lower tier and therefore considered one area means that physical exercise and food preparation is affected. Smoking is a Health Hazzard to all non-smoking inmates for the simple fact that (ETS) is distributed by second

3/28/04  
DATE                          *Demetrius Brown*  
                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                                                 GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY           CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____  
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION  
SUBJECT: _____

DATE                             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

smoke, thus causing cancer. The practicability of separating smokers from non-smokers is feasible as there are enough non-smokers at the institution to implement a non-smoking only unit. If the Warden is able to create non-smoking in lower tiers then hs is able to combine two units that have lower tier non-smoking to create one unit with non-smoking both upper and lower tier. To give preference to a non-smoking inmate over smoking inmates when it comes to the designating the labelling of a room non-smoking is beyond reason to not designate a unit a non-smoking unit due to a lower tier full of non-smokers. As stated, because smoke is a gas that passes through the environment unimpeded and uncontrolled, it is a hazzard for non-smoking inmates living in Housing Units. Noting also, the unenforced rule and the uninflicted cravings of a smoking inmate, that as evident in FCI McKean, causes smokers not only to smoke <u>in their rooms</u> but also causes them to smoke just as well in the "prohibited" areas of the unit i.e. common area, mop closets, laundry rooms, microwaive room and lower tiers + cells.

   As the case may be, I affirm my request that the Warden separate smoking inmates from non-smoking inmates and to compensate me in the amount of $10,000,000.00 for the pain and suffering over the last 6+years I've been incarcerated at FCI McKean due to cancer's opportune to develop as well as its future possibilities of arising.

Administrative Remedy No. 321868-A1
Part B - Response

You contend you are subject to harmful chemicals as a result of second-hand smoke and that such exposure has damaged your health. You request that smoking inmates be separated from non-smoking inmates and also seek monetary compensation.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Bureau of Prisons' has recently reissued its Program Statement (1640.04) entitled <u>Smoking/No Smoking Areas</u>. This revised policy severely limits areas where smoking is permitted. Staff are working diligently to implement this policy and enforce its requirements.

Your appeal is denied.

May 28, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals