IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

```
DEMETRIUS BROWN,                    )
        Plaintiff,                  )
                                    )
                                    )
    v.                              )   C.A. No. 04-379 Erie
                                    )
UNITED STATES,                      )
UNITED STATES JUSTICE DEPT.,        )
BUREAU OF PRISONS (BOP), FCI        )
MCKEAN, HARLEY G. LAPPIN-           )
Director of BOP, NEWTON E.          )
KENDIG- MEDICAL DIRECTOR OF         )
BOP, D. SCOTT DODRILL- North-       )
east Regional Director of BOP,      )
JOHN J. LAMANNA- FCI MCKEAN         )
WARDEN,                             )
        Defendants.                 )
```

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT**

    **COMES NOW,** DEMETRIUS BROWN, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania, in opposition to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. In support, Plaintiff states the following:

    1. Plaintiff affirms in paragraph 1 of Defendants' Motion to Dismiss that he initially filed a complaint in this action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§1346(b), 2671 et.seq., alleging personal injuries caused by [] exposure to second-hand smoke or Environmental Tobacco Smoke ("ETS").

Plaintiff, however, denies that his exposure to ETS is only limited to his incarceration at the federal prison located at in McKean County, Pennsylvania ("FCI McKean"). Plaintiff affirms that he has also been exposed to ETS after transferring to another federal prison located in Exxex County, New York ("FCI RayBrook").

2. Plaintiff affirms in paragraph 2 of the Defendants' Motion to Dismiss that he later filed a Second Amended Complaint, in which [Plaintiff] added a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403, U.s. 388 (1971), alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff affirms also, that the specific claims to which he alleges violated his Constitutional Rights are outlined at full in his Second Amended Complaint at paragraphs 11-14. However, Plaintiff affirms that he submits a Third Amended Complaint outlining more detailed paragraphs as to his Bivens Claims alleging Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (See **Third Amended Complaint**). Plaintiff affirms that his Second Amended Complaint does not allege damages or specify the relief sought as Plaintiff had assumed the same would follow from the initial complaint. Nevertheless, Plaintiff affirms that his Third Amended Complaint incorporates by alleging damages or relief sought for his Bivens Claims.

3. Plaintiff denies in paragraph 3 of the Defendants' Motion to Dismiss, that the Court should dismiss his claims. Plaintiff denies that any of his claims have accrued before December 28, 200[2] and that Plaintiff denies that those claims are for the reason barred by the statute of limitations. (See **Plaintiff's Third Amended Complaint**). Plaintiff denies that his Bivens Claims should be dismissed for the reason: (i) that his constitutional claims against the "U.S. Justice Department," the Bureau of Prisons and FCI McKean are barred by sovereign immunity. Plaintiff affirms that these defendants do not have sovereign immunity under Title II of the Americans with Disability Act. (See **Third Amended Complaint**); (ii) Plaintiff denies that Defendants LaManna, Dodrill, Lappin, and Kendig should be dismissed because there is no allegation that they personally violated Plaintiff's Constitutional Rights. Contrarily, Plaintiff affirms that Defendants LaManna, Dodrill, Lappin, and Kendig each have personally contributed to violating Plaintiff's Constitutional Rights (See **Plaintiff's Third Amended Complaint**); and (iii) Plaintiff denies that there is less than sufficient proof to prove his exposure to ETS rises to the level of a Constitutional violation. Plaintiff, in such instance, affirms that there is proof and he has proven tha this exposure to ETS rises to the level of a constitutioanl violation. (See **Third Amended Complaint**). Plaintiff denies that his FTCA claims should be dismissed for the several grounds that the Defendants lists: (1) Plaintiff affirms that the

United States is the only proper party to an FTCA claim. However, Plaintiff affirms as well, that the United States is also properly named in his Third Amended Complaint as a joinder to the other Defendants. (See **Third Amended Complaint**); (ii) Plaintiff denies that his allegations fall within the discretionary function exception. Plaintiff affirms that Defendants are under mandatory duty constituting negligence per se; and (iii) Plaintiff denies that it is impossible for him to demonstrate that he suffered an actual injury caused by second-hand smoke. Plaintiff, instead, affirms that while inside his Complaint and outside he will undoubtedly have demonstrated an actual injury caused by second-hand smoke. (See **Third Amended Complaint + Exhibits**).

   4. Plaintiff denies in paragraph 4 of the Defendants Motion to Dismiss that the Court should dismiss Plaintiff's Second Amended Complaint with prejudice or, in the alternative, enter summary judgment in favor of defendant. Plaintiff affirms that, instead, the court should file his Third Amended Complaint and Order the Defendants to respond thereto.

   5. Plaintiff denies the Defendants' Brief in support of Motion to Dismiss together with accompanying Exhibits 1 through 7, in full. In support, Plaintiff accompanies this Motion with an affidavit refuting the Defendants' claims for evidence.

WHEREFORE, Plaintiff respectfully request that the Court issue an Order denying Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice or, in the alternative, entering summary judgment in defendants's favor as to all claims.

Respectfully Submitted,

*Demetrius Brown*
Demetrius Brown
Reg. No. 21534-039
FCI RayBrook
P.O. Box 9001
RayBrook, NY. 12977

I, DEMTRIUS BROWN, hereby affirm and declare under penalty of pejury, 28 U.S.C §1746, that the foregoing is true and correct.

3/5/07
Dated

*Demetrius Brown*

cc:file
db/db

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                       ERIE DIVISION


DEMETRIUS BROWN,                  )
        Plaintiff,                )
                                  )
                                  )
     v.                           )  C.A. No. 04-379 Erie
                                  )
UNITED STATES,                    )
U.S. JUSTICE DEPARTMENT,          )
BUREAU OF PRISONS (BOP), FCI MCKEAN,
HARLEY G. LAPPIN- Director of BOP,
NEWTON E. KENDIG- Medical Director
of BOP, D. SCOTT DODRILL- North-)
east Regional Director of BOP,    )
JOHN J. LAMANNA- Warden of FCI    )
McKean,                           )
        Defendants.               )
```

ORDER

**AND NOW**, this ____ day of March, 2007,

Upon consideration of Plaintiff's Response with attached Affidavit Opposing Defendants' Motion to Dismiss his Second Amended Complaint or, in the Alternative, Motion for Summary Judgment, and considering Plaintiff's Third Amended Complaint,

**IT IS HEREBY ORDERED**, that Defendants' Motion to Dismiss, Plaintiff's Second Amended Complaint or, in the Alternative, Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED**, that Defendants shall respond to Plaintiff's Third Amended Complaint.

**IT IS FURTHER ORDERED** , that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within (10) days may constitute waiver of the right to appeal.

/s/ _____

cc: All parties of record