institutions as they were at the one in Pennsylvania. The relationship of the parties is also centered at Washington, D.C. As it may be the case, Plaintiff, a federal inmate, was convicted and sentenced for a crime, given to the custody of the Attorney General of the United States for the service of his sentence. That being, the Attorney General is domiciled in Washington, D.C.

130. Therefore, in light of the foregoing, the acts and omissions causing negligence took place in Washington, D.C. For this reason, the Second Step would be to apply the District of Columbia's local law on smoking restriction. [D.C. Law 8-262].

D. Federal Tort

131. The United States is liable for the acts or omissions committed by Harley G. Lappin Director of the Bureau of Prisons, in his official capacity, while acting in the scope of his office or employment. The United States is liable where Harley G. Lappin is negligent in failing to implement a program statement that completely prohibited smoking indoors of institutions or buildings at a time when public policy dictated ETS was the cause of cancer and Executive Order 13058 mandated no smoking in all federal buildings by anyone.

132. Harley G. Lappin is negligent for allowing a permissive discretion of institution Wardens for making provisions of smoking indoors or outdoors when specifically Executive Order 13058 forbidded

smoking inside of dederal buildings or on federal property outdoors.

133. Plaintiff, as a result of the tortious conduct committed by Harley G. Lappin, has suffered injury which is, first of all, threatened. Plaintiff is suffering from the threat of cancer as for his exposure to second-hand smoke. The forms of which may be lung or skin. There is also the sthreat of heart disease and respiratory disease.

134. Plaintiff, secondly, has suffered injury that is aesthetic. Plaintiff has had skin irritations that developed into red markings over his entire torso and neck. Plaintiff has also the same distinctive red marking on his face. Further, Plaintiff has had a previously contracted STD exasperated to an extent unfounded, although Plaintiff has not been sexually active. Plaintiff has had to also experience coughing; eye and nose irritations; dizziness; headaches; hardening of tissue; swelling; chest pains; racing heart; weight loss; blurred vision; loss of hair follicles; etc.

135. The United States is liable for the acts or omissions committed by Newton E. Kendig, Medical Director of the Bureau of Prisons, in his official capacity, while acting in the scope of his office or employment. The United States is liable where Newton E. Kendig is negligent in allowing correctional institutions extensions beyond 6-months, for coming into compliance with Program Statement §1640.03, the effective date of August 1, 1994, where treating the health and safety of both staff and inmates, equally

were mandated.

136. Newton E. Kendig is negligent even more, where allowing institutions to be recognized as compliant given the fact that Institution Supplement approved smoking inside of building, were in direct contravention to Executive Order 13058 forbidding so.

137. Plaintiff, as a result of the tortious conduct committed by Newton E. Kendig, has suffered injury which is, first of all, threatened. Plaintiff is sufferring from the threat of cancer as for his exposure to second-hand smoke. The forms of which may be lung or skin. There is also the threat of heart disease and respiratory disease.

138. Plaintiff, secondly, has sufferred injury that is aesthetic. Plaintiff has had skin irritations that developed into red markings over his entire torso and neck. Plaintiff has also the distinctive red marking on his face. Further, Plaintiff has had a previously contracted STD exasperated to an extent unfounded, although Plaintiff has not been sexually active. Plaintiff has had to experience coughing, eye and nose irritations, dizziness, headaches, hardening of tissue, swelling, chest pains, racing heart, weight loss, blurred vision, loss of hair follicles, etc.

139. The United States is liable for the acts or omissions committed by D. Scott Dodrill, in his offical capacity, while acting in the scope of his office or his employment. The United States is liable where D. Scott Dodrill is negligent in supporting Institution

Supplement §1640.03 as it had applied unequally to staff and inmates. D. Scott Dodrill was mandated under Program Statement §1640.03 to equally apply to smoking restriction to both staff and inmates. D. Scott Dodrill was mandated under Executive Order 13058 to restrict all prisons within his authority of all smoking in all federal buildings. However, because D. Scott Dodrill, as the Northeast Regional Director overseeing all prison systems within his district, has the responsibility for its management, neglgently failed to protect the health and safety of both staff and inmates.

140. Plaintiff as a result of the tortious conduct committed by D. Scott Dodrill, has suffered injury which is, first of all, threatened. Plaintiff is sufferring from the threat of cancer as for exposure to second hand smoke. The forms of which may be lung or skin. There is also, the threat of heart disease and respiratory disease.

141. Plaintiff, secondly, has suffered injury that is aesthetic. Plaintiff has had skin irritations that developed into red markings over his entire torso and neck. Plaintiff has also the same distinctive red marking on his face. Further, Plaintiff has had a previously contracted STD exasperated to an extent unfounded, although Plaintiff has not been sexually active. Plaintiff has had to also experience coughing, eye and nose irritations, dizziness, headaches, hardening of tissue, swelling, chest pains, racing heart, weight loss, blurred vision, loss of hair follicles, etc.

142. The United States is liable for the acts or omissions committed by John J. LaManna, Warden of FCI McKean in his official capacity, while acting in the scope of his office or employment. The United States is liable where John J. LaManna is negligent for failing to apply equally as mandated, smoking restrictions according to Program Statement §1640.03. Instead, John J. LaManna issued an Institutional Supplement §1640.03 restricting only staff from smoking in Main Institution. Executive Order 13058 mandated that no smoking be had in any federal building by anyone. However, John J. LaManna was negligent of this fact, as well, when he implemented Institution Supplement §1640.03.

143. Nevertheless, John J. LaManna is negligent for failure to place appropriate signs for designated smoking areas inside of institution. John. J. LaManna is negligent for allowing smoking, longer than one year, indoors to the institution from the date implementing Program Statement §1640.03. Finally, John J. LaManna is negligent for failing to separate non-smokers from smokers according to an ascertainable standard.

144. Plaintiff, as a result of the torious conduct committed by John J. LaManna, has sufferred injury which is, first of all, threatened. Plaintiff is sufferring from the threat of cancer as for his exposure to second-hand smoke. The forms of which may be lung and skin. There is also the threat of heart disease and respiratory disease.

145. Plaintiff, secondly, has suffered injury that is aesthetic. Plaintiff has had skin irritations that developed into red markings over his entire torso and neck. Plaintiff has also the same distinctive red marking on his face. Further, Plaintiff has had a previously contracted STD exasperated to an extent unfounded, although Plaintiff has not been sexually active. Plaintiff has had to also experience coughing, eye and nose irritations, dizziness, headaches, hardening of tissue, swelling, chest pains, racing heart, weight loss, blurred vision, loss of hair follicles, etc.

## RELIEF REQUESTED

146. WHEREFORE, Plaintiff respectfully pray and request, that this Court enter judgment granting Plaintiff:

a. A declaratory judgment that defendant's have discriminated against Plaintiff on the basis of his disability.

b. A declaratory judgment that defendants have retaliated, interferred with, or coerced Plaintiff because he has complained and filed lawsuit into court due to Defendant's discrimination of him on the basis of his disability.

c. A declaratory judgment that Defendants have violated Plaintiff's Eighth and Fourteenth Amendment Rights to Equal Protection under the laws and Cruel and Unusual Punishment.

d. A declaratory judgment that Defendants acts or omissions in exercising authority were negligent in causing Plaintiff personal injury as described herein.

e. A declaratory judgment that Defendant's failure to exercise authority were negligent in causing Plaintiff personal injury as described herein.

f. A preliminary and permanent injunction which requires: (1) Defendants to institute life ban against smoking in all Federal Bureau of Prisons operated directly or indirectly; (2) Defendants to not house Plaintiff in an institution that's not commensurate with his scored security level and not to house him in any place outside of his place of residence, that being, Detroit, MI., unless by consent; (3) Defendants to apologize and to atone for discriminating against Plaintiff on the basis of his disability by accomodating him for his disability of imprisonment, conjugal visitation; (4) Defendants because of Plaintiff's disability of being a non-smoker exposed to ETS, that a life-time ban be instituted against exposing him to second-hand smoke; (5) Defedants because of Plaintiff's disability of having an exasperated STD due to exposure to ETS, that a life-time ban be instituted against exposing him to second-hand smoke.

g. Prohibits Defendants, their agents, employees, successors in interest and all other persons in active concert or participation with them, from harassing, threatening, punishing or retaliating in any way against the Plaintiff because he filed this action or against any other prisons because they submitted affidavits in this case on behalf of Plaintiff, or from transferring Plaintiff to any

other institution, without his express consent, during the pendency of this action.

   h. Requires Defendants to allow Plaintiff and other prisoners to: (1) engage in any oral or written communication which is reasonably related to the conduct of this suit, including the preparation of affidavits on behalf of Plaintiff; and (2) to confer with co-Plaintiffs and prepare legal papers, and to do anything else, consistent with prison security, which is reasonably connected with the conduct of this suit.

   i. Damages: (1) Title II of the Americans with Disability Act Claims- Compensatory damages in the amount of $10,000,000.00 (ten million dollars) to Plaintiff Demetrius Brown from all Defendants and from each of them; (2) Title V of the Americans with Disability Act- Compensatory/punitive damages in the amount of $10,000,000.00 (ten million dollars) to Plaintiff Demetrius Brown from all Defendants and from each of them; (3) Bivens Action: Compensatory damages in the amount of $10,000,000.00 (ten million dollars) to Plaintiff and from each of them; (4) Federal Tort Claims Act- Compensatory damages in the amount of $10,000,000.00 (ten million dollars) from all Defendants and from each of them.

   j. Trial by jury on all issues triable by jury.

   k. Plaintiff's cost of this suit.

   l. Such other end to further relief as this court may deem just, proper, and equitable.

Respectfully Submitted,

Demetrius Brown
Reg. No. 21534-039
FCI RayBrook
P.O. Box 9001
RayBrook, NY. 12977

### AFFIRMATION/DECLARATION OF DEMETRIUS BROWN

I, DEMETRIUS BROWN, herein as Plaintiff, hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing Third Amended Complaint is true and correct.

3/8/07
Dated

cc:file
db/db