EXHIBIT 1

1a. BP-8 and Response
1b. BP-9 and Response
1c. BP-10 and Response
1d. BP-11 and Response
1e. Federal Tort Claim
    and Response

**EXHIBIT 1a**

**PART 1  Notice to Inmate:**    Be advised that before filing a Request for Administrative Remedy Form BP-9, you **MUST** attempt to informally resolve your complaint through your Correctional Counselor. Briefly state complaint below, and list what efforts you have made to resolve your complaint informally, stating names of staff contacted.

This Informal Resolution was issued by **Correctional Counselor,** WATSON on 12/25/03 and returned to the counselor on 12/25/03 .

_____ Date _____                                          Date

Inmate's Name Demetrius Brown _____ Reg. No. 21534-039 _____ Unit CB

I would like to make complaint that John J. LaManna, Warden of FCI McKean

1.    **Complaint:**  is in vie of a trade to distribute, sale, administer and/or provide for –
to inmates - tobacco products that fume hazzardous smoke causing cancer. That, as a result,
Warden LaManna is in total disregard to separating smokers from non-smokers (including
myself). This lack of consideration for the health of myself as well as other non-smoking inmate
constributes to a deliberate indifference and cruel and unusual suffering posed from second-
hand smoke which for a fact leads to cancer.

2.    **Efforts made to informally resolve and staff contacted:** Informal resolution is not remedial.
However, to make formal resolution, I resolve that the Warden impose regulation that would
separate all smokers from those of non-smokers by creating separate housing for non-smokers
only. Also to compensate myself in the amount of ten million dollars ($10,000,000.00) for all
smoke related injuries caused by tobacco smoke over the last 6+ years that I've been incarcer-
ated at FCI McKean as well as to compensate for any future cancer related problems due to
econd-hand smoke.

_____                     21534-039
Inmate's Signature                                     Inmate's Reg. No.

**************************************************************************************

**PART 2  Correctional Counselor's Comments:**

1.    Efforts made to informally resolve:  SEE ATTACHED _____

_____

_____

_____

Date informally resolved or BP-9 issued: _____

Counselor's Signature: _____ , COUNSELOR  12/30/03

**************************************************************************************

**Distribution:**  If complaint is **NOT** informally resolved, forward original Administrative Remedy to the Warden
(attn: Warden's Secretary) through your unit team.

## BP-8 Response attachment

**Name:**  Brown, Demetrius

**Reg. #:**  21534-039

**Date:**  December 30, 2003

**Concern:**  Smoking

In your attached concern, you state that you feel smokers and non-smokers should live in separate housing units. It should be noted that this would not be practical as there are many more smokers at this facility than non-smokers. This grievance is also rather intriguing as I have had to warn you in the past for smoking in the pool table area and have told you last year that if you were indeed a smoker, that you would be moved from your current cell (118) to an upstairs cell. You indicated at that time that you only smoked once in a while and that you were going to quit so you would not lose your cell.

In regard to your specific situation, you are currently housed in a non-smoking cell with a non-smoker cellmate. Also, you fail to provide any documentation of the injuries you have incurred since your arrival at McKean.

Therefore, this grievance lacks any merit and no relief is warranted at this level. It is suggested that you cease your own smoking if you have not already to avoid any possible effects in the future.

N. Watson, Counselor 12/30/03

**EXHIBIT 1b**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Brown, Demetrius D.**          **21534-039**          **CB**          **FCI McKean**
　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST** I am appealing the BP-8 Response dated 12/30/03 by Counselor Watson. In Watson's Response he asserts that it would not be practical for the Warden to separate smok from non-smokers by assigning separate housing. He also, asserts that he was had to warn me in the past about smoking.  To begin with, Watson is not the Warden. He has neither the capaci nor the authority to say what's practical and what is not by organizing a move to separate smo from non-smokers. But, besides that, practicality is not an issue when it comes to the health and life of an individual. For this reason, Watson is inconsiderate.  Above more, Watson is a bareface lie when he alleges that he has had to warn me in the past about smoking. I do not smoke, have never smoked, and will not ever smoke. Smoking is in violation of my Religion. for one, and for two it is bad for my health. And anyone who knows me will attest to the same inclu my past and present cell mates. To note in addition, even as Watson fails to recall. My injur are stated in that I suffer from breathing second hand smoke. That, as a result of this, cance has had the opportune to develop  over the 6-years that I've been incarcerated at FCI McKean, and will continue to develop in stages if I am to continue to suffer.  Therfore, I request tha the Warden seperate smokers from non-smoker's and to compensate me in the amount of $10,000,000.00 (ten million dollars).

_1/7/04_
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _321868_

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

PRINTED ON RECYCLED PAPER

USP LVN

BP–229(13)
APRIL 1982

BROWN, Demetrius
Reg. No.: 21534-039
MCK 321868-F1

## Part B - Response

This is in response to your **Request for Administrative Remedy**, receipted in my office on January 8, 2004, wherein you request smokers to be separated from non-smokers, and to be compensated in the amount of $10,000,000.

According to Program Statement 1640.03 Smoking/No Smoking Areas, the Bureau of Prisons will restrict areas and circumstances where smoking is permitted within its institutions and offices. At all low, medium, high, and administrative institutions, the Warden may, but is not required to, designate a limited number of indoor smoking areas. To the extent practicable, living facilities shall be separated into smoking and nonsmoking areas sufficient to accommodate all nonsmokers. It further states areas where smoking shall not be permitted. Housing units is not listed in this section.

At this institution, the Warden has designated lower tiers of the housing units to be a nonsmoking area. For this reason, you have been assigned to a lower tier in your housing unit.

Based on this information, your Request for Administrative Remedy is denied.

In the event you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the regional director.

1-21-0/
Date

John J. LaManna, Warden

**EXHIBIT 1c**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Brown, Demetrius D.**                **21534-039**        **CB**        **FCI McKean**

LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT           INSTITUTION

**Part A—REASON FOR APPEAL**    I am appealing the Warden's BP-9 Response (MCK 321868-F1) dated 1/
denying my request that smoking inmates be separated from non-smoking inmates by assigning sep
Housing Units and to compensate me in the amount of $10,000,000.00 (ten million dollars). Here
Warden's Response is that according to Program Statement 1640.03 Smoking/No Smoking Areas, the
Warden may but is not required to, designate a limited number of indoor smoking areas. That, t
extent practicable living facilities shall be separated into smoking and non-smoking areas. Noting al
that Housing Units is not listed in the section where smoking shall not be permitted. For this
reason, the Warden states that at this institution, it has been designated that lower tiers of
Housing Units to be a nonsmoking areas. —However, this Response to policy is ineffective. See
MCK 1640.3;((b)(2)(a) Housing Units: Smoking is only permitted in inmate rooms...There is no sm
in the common areas, other multipurpose areas, or entrance ways of the housing units.) The War
in this case would simply not allow smoking on the lower tiers. But, such is not the case where
at McKean the lower tiers and the upper tiers are not separated by much more than a railing whi
in such case amounts to it being one area. Also, the concern is that Housing Units are filled
their capacities thereby making congestion a major problem and with ventilation systems that ca
smoke to nonsmoking areas. Another concern is that because the upper tiers cannot be separated
from the lower tiers and that they are considered therefore to be one area, physical exercise a
food preparation are obviously affected.—Smoking is a Health Hazard to all non-smoking inmates

_____1/29/04_____                         _____Demetrius Brown_____
                    DATE                                      SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                         _____
            DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: 321 868-R

**Part C—RECEIPT**

                                                  CASE NUMBER: _____

Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT           MCK INSTITUTION

SUBJECT: _____

_____         _____
USP LVN    DATE         Previous editions not usable     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

**(Continuation Page)**

for the simple fact that (ETS) is distributed by second smoke, thus causing cancer. The practicability of separating smokers from non-smokers is feasible as there are enough non-smokers at the institution to implement a non-smoking only unit. If the Warden is able to create non-smoking in lower tiers then he is able to combine two unit that have lower tier non-smoking to create one unit with non-smoking both upper and lower tier.    -To give preference of a non-smoking inmate over smoking inmates when it comes to the designating the labeling of a room non-smoking is beyond reason to designate a unit a non-smoking unit. As stated, because smoke is a gas that passes through the environment unimpeded and uncontrolled, it is a hazzard for non-smoking inmates living in Housing Units. Noting also, the unenforced rule and the uninflict cravings of a smoking inmate, that as evident in this institution, smokers not only smoke in their rooms but they smoke just as well in the "prohibited" areas of the u i.e. common area, mop closets, laundry rooms, microwave room and lower tiers + cell

For this reason, I affirm my request that the Warden separate smoking inmates non-smoking inmates and to compensate me in the amount of $10,000,000.00 for the pain and suffering over the last 6+ years I've been incarcerated at FCI McKean due cancer's opportune to develop as well as its future possibilities of arising.

**BROWN, Demetrius**
Reg. No. 21534-039
Appeal No. 321868-R1
Page One

---

### Part B - Response

In your appeal, you state you are being exposed to Environmental
Tobacco Smoke (ETS) by other inmates in the housing units at FCI
McKean.  You contend the administration's policy designating
lower tiers of the housing units as non-smoking areas is
ineffective.  You state the cravings of smokers cause them to
smoke in prohibited areas in the unit.  You request the Warden
separate smoking inmates from non-smoking inmates.  You also
request to be compensated $10,000,000.00 for pain and suffering
while incarcerated at FCI McKean for over six years, due to the
possibility of cancer developing now and in the future.

Program Statement 1640.03, Smoking/No Smoking Areas, authorizes
the Warden at each institution to designate smoking and non-
smoking areas.  As indicated by the Warden, the lower tiers of
the housing units have been designated as non-smoking areas.  You
have been assigned to the lower tier of your housing unit.
Institution staff at FCI McKean has been diligent in their
efforts to enforce the smoking policy and to take appropriate
disciplinary action against violators.  You also have a
responsibility to report violations of this policy to staff to
ensure violators are held accountable for their actions.  Staff
will continue to monitor smoking in an attempt to alleviate
smoking by inmates in prohibited areas.  If you feel you are
experiencing medical problems, you need to sign up for sick call
to be evaluated by Health Services.

Additionally, you cannot receive monetary compensation for
alleged pain and suffering via a Request for Administrative
Remedy.  You may request money damages by submitting a claim to
the Regional Counsel under the Federal Tort Claims Act.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: March 2, 2004                    D. SCOTT DODRILL
                                       Regional Director

EXHIBIT 1d

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy c  f the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Brown, Demetrius | 21534-039 | CB | FCI McKean |
|-------|------------------|-----------|-----|-----------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**    I am appealing Regional Director, D. Scott Dodrill's Response
dated March 2, 2004 denying my Regional Administrative Appeal (BP-10). To reiterate, I appeal
th   smoking inmates be separated from non-smoking inmates by assigning separate Housing Units
and to compensate me in the amount of $10,000,000.00 (ten million dollars) for my pain and suff-
        . For this reason, the Administration (FCI McKean's) policy of designating lower tiers
o   the Housing Units to be non-smoking areas is ineffective. See MCK 1640.3;((b)(2)(a) Housing
U    s: Smoking is only permitted **in inmate rooms... There is no smoking in the common areas,**
c     multipurpose areas, or entrance ways of the housing units.) Here, FCI McKean's Adminis-
tration (Warden) in this case, would simply not allow smoking on the lower tier. This says
nothing about the upper tier  where it is infested with smoking. And since the upper tier and
lower tier are not separated by much more than a steel railing, means that it is one area and
hence means that the lower tier is as well infested with smoking. Also, the concern is that
Housing Units are filled to their capacities thereby making congestion a major problem, and
the problem that the ventilation system carries smoke to non-smoking areas. Another concern,
is that because the upper tier is not separated from the lower tier and therefore considered
one area means that physical exercise and food preparation is affected.  Smoking is a Health
hazard to all non-smoking inmates for the simple fact that (ETS) is distributed by second

| 3/23/04 | /s/ Demetrius Brown |
|---------|---------------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | GENERAL COUNSEL |

SECOND COPY: REGIONAL FILE COPY                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

BP-231(13)

smoke, thus causing cancer. The practicability of separating smokers from non-smokers is feasib
as there are enough non-smokers at the institution to implement a non-smoking only unit. If
the Warden is able to create non-smoking in lower tiers then hs is able to combine two units
that have lower tier non-smoking to create one unit with non-smoking both upper and lower tier.
To give preference to a non-smoking inmate over smoking inmates when it comes to the designatin
the labelling of a room non-smoking is beyond reason to not designate a unit a non-smoking unit
due to a lower tier full of non-smokers. As stated, because smoke is a gas that passes through
the environment unimpeded and uncontrolled, it is a hazzard for non-smoking inmates living in Hou
Units. Noting also, the unenforced rule and the uninflicted cravings of a smoking inmate, that
as evident in FCI McKean, causes smokers not only to smoke in their rooms but also causes them
to smoke just as well in the "prohibited" areas of the unit i.e. common area, mop closets, laun
rooms, microwaive room and lower tiers + cells.

    As the case may be, I affirm my request that the Warden separate smoking inmates from
non-smoking inmates and to compensate me in the amount of $10,000,000.00 for the pain and suff
over the last 6+years I've been incarcerated at FCI McKean due to cancer's opportune to develo
as well as its future possibilities of arising.

Administrative Remedy No. 321868-A1
Part B - Response

You contend you are subject to harmful chemicals as a result of second-hand smoke and that such exposure has damaged your health. You request that smoking inmates be separated from non-smoking inmates and also seek monetary compensation.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Bureau of Prisons' has recently reissued its Program Statement (1640.04) entitled <u>Smoking/No Smoking Areas</u>. This revised policy severely limits areas where smoking is permitted. Staff are working diligently to implement this policy and enforce its requirements.

Your appeal is denied.

_____          _____
        Date                     Harrell Watts, Administrator
                                 National Inmate Appeals

**EXHIBIT 1e**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency | 2. Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse.) (Number, street, city, State and ZIP Code) |
|---|---|
| U.S Department of Justice<br>Bureau of Prisons<br>Northeast Regional Office<br>U.S. Customs House – 7th Floor<br>2nd and Chestnut Streets. Philadelphia,19106 P.A | Demetrius Brown<br>Reg. No. 21534-039<br>FCI McKean, P.O. Box 8000<br>Bradford, PA. 16701 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| N/A<br>☐ MILITARY  ☐ CIVILIAN | 2/8/72 | CommonLaw | 7/97 to present | 24hrs.<br>daily A.M. and P.M. |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof.) (Use additional pages if necessary.)

Claimant was exposed and is continuously exposed to inappropriate levels of ETS (Enviromental Tobacco Smoke). Claimant is housed in Unit CB where Tobacco smoke fumes virtually everywhere one walks. It is in effect inescapable. Tobacco smoke clouds the pool table area where exercise equipment is also located. To exercise without being exposed to inappropriate levels of ETS is impossible. The mop closets, laundry room, microwave room are all often smoke filled with Tobacco. The walk areas range are many times infested with pockets of inappropriate levels of ETS. The entrance way to the unit is always blockaded with inappropriate levels of ETS. The lower range cells are many times occupied to combustion levels with ETS which then filters out onto the ranges and seeps into the next adjoining non-filled ETS cells. Ventillation is poor especially during the winter season as the computerized system frequently shuts down in order to heat the incoming air. Whereas in the summer season it is continuous in the intake of air. See **Continuation** Page.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.   I suffer from nausea, an inability to eat, headaches, chest pains, difficulty breathing, numbness in limbs, teary eyes, itching, burning skin, dizziness, sore throat, coughing and production of sputum. Also, I am more likely to suffer additional complications in the future.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and ZIP Code) |
| FCI McKean's Video Surveillance | P.O. Box 5000, Bradford, PA. 16701 |

| 12. (See instructions on reverse) | | AMOUNT OF CLAIM (In dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | $10,000,000.00<br>Ten Million Dollars | N/A | $10,000,000.00<br>Ten Million Dollars |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Demetrius Brown | N/A | 1/20/04 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States.<br><br>(See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5. U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item # 1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a Collection of Information unless it displays a valid OMB control number. The valid OMB control number for this Information Collection is 1105-0008. The time required to complete this Information Collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data resources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden

to    Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ YES, If Yes, give name and address of Insurance company *(Number, street, city, State, and ZIP Code)* and policy number.  ☒ NO

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

N/A

19. Do you carry public liability and property damage insurance?  ☐ YES, If Yes, give name and address of insurance carrier *(Number, street, State, and ZIP Code)* ☒ NO

SF 95 (Rev. 7-85) BACK

## CONTINUATION PAGE

8.     Also, because filters are not frequently changed, ETS stains filters only
to recirculate inside Non-ETS filled cells. In addition to the cell door having
such a gapping opening at the bottom in appropriate ETS levels that are daily
fumed outside of door near staircase, seeps directly under door of Non-filled
ETS cell.

# Memorandum

**Northeast Regional Office, Philadelphia, PA**
**FEDERAL BUREAU OF PRISONS**

**DATE:** June 24, 2004

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2004-01684

**TO:** Demetrius Brown, Reg. No. 21534-039
FCI McKean

Your Administrative Tort Claim No. TRT-NER-2004-01684, properly
received by this agency on January 29, 2004, has been considered
for settlement as provided by the Federal Tort Claims Act
(FTCA), 28 U.S.C. § 2672, under authority delegated to me by
28 C.F.R. § 543.30.  You seek compensatory damages in the amount
of $10,000,000.00 for an alleged personal injury.  Specifically,
you claim you are being exposed to second-hand smoke while
incarcerated at the Federal Correctional Institution (FCI),
McKean, Pennsylvania, causing you nausea, inability to eat,
headaches, chest pains, difficulty breathing, numbness in limbs,
teary eyes, itching/burning skin, dizziness, sore throat and
coughing.

After careful review of this claim, I have decided not to offer a
settlement.  Investigation reveals policy states all Bureau of
Prisons' facilities and vehicles are no-smoking areas, unless
specifically designated as a smoking area by the Warden.  The
Warden is required to designate an outdoor area as a smoking area
and may, but is not required to, designate a limited number of
indoor smoking areas, where the needs of effective operations so
require.  The Warden at FCI McKean has designated the upper cells
of each housing unit and one cell on each lower range for
handicap inmates as indoor smoking areas.  Inmates found smoking
in prohibited areas are subject to disciplinary action.  Staff
make every effort to enforce the no-smoking rules.  The Warden
has taken reasonable steps to ensure that inmates at that
facility are not exposed to second-hand smoke.  Your medical
record does not indicate you suffer from the injuries you
describe in this claim.  You are encouraged to promptly advise
staff when you observe others smoking in areas not designated by
the Warden.  There is no evidence to suggest you have experienced
a personal injury as the result of negligence on the part of any
Bureau of Prisons' employee.

Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this memorandum.

cc: James F. Sherman, Warden, FCI McKean

ACKNOWLEDGMENT OF RECEIPT

DENIAL OF TORT CLAIM


I, Demetrius Brown, Reg. No. 21534-039, hereby acknowledge
receipt this ___7th___ day of ___July___, 2004, of the
June 24, 2004, memorandum from Henry J. Sadowski, Regional
Counsel, Northeast Region, Federal Bureau of Prisons, informing
me of the denial of my tort claim (TRT-NER-2004-01684).


_I Cemetrius Brown_____
Signature



Witnessed this ___7th___ day of ___July___, 2004.


_K. Flatt, Case Manager_
Staff Witness