IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-379E |
| | ) | |
| U.S. JUSTICE DEPARTMENT, | ) | JUDGE MCLAUGHLIN |
| BUREAU OF PRISONS, FCI MCKEAN | ) | MAGISTRATE JUDGE BAXTER |
| WARDEN JOHN J. LAMANNA, | ) | |
| REGIONAL DIRECTOR D. SCOTT | ) | Electronically Filed |
| DODRILL, MEDICAL DIRECTOR, | ) | |
| DIRECTOR HARLEY G. LAPPIN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO FILE THIRD AMENDED COMPLAINT**

*Pro se* prisoner Demetrius Brown originally brought this action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.,* alleging personal injuries caused by his exposure to second-hand smoke or Environmental Tobacco Smoke ("ETS") during his incarceration at a federal prison located in McKean County, Pennsylvania ("FCI McKean"). Having already amended his Complaint to add a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (*see* Second Am. Compl.) (Docket No. 72), plaintiff now seeks leave to file a Third Amended Complaint. (*See* Motion to File Third Amended Complaint ("Plaintiff's Motion") (Docket No. 91). As explained below, plaintiff's latest request to amend should be denied as futile.

Plaintiff's Motion argues that another amendment should be permitted because, after defendants filed a dispositive motion on February 5, 2007, this Court allegedly issued an Order "for Plaintiff to respond with discretion to file an Amended Complaint for curing any procedural

defects." (Plaintiff's Motion, ¶ 3). However, plaintiff's proposed Third Amended Complaint goes far beyond any effort to cure procedural defects. The proposed amendment is *prolix*, consisting of 55 pages and 146 paragraphs, and seeks to add entirely new claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 120101 *et seq*. (*See* Proposed Third Am. Compl.) (attached to Plaintiff's Motion). Specifically, the proposed amendment asserts a claim under Title II of the ADA that plaintiff is allegedly disabled, and that FCI McKean's smoking policy discriminates against him on the basis of his "disability." (*See id.*, ¶¶ 82-106). The proposed amendment also appears to assert a claim for retaliation under Title V of the ADA, based on plaintiff's transfer from FCI McKean to a federal prison in Ray Brook, New York ("FCI Ray Brook"), and on various actions taken by correctional officers at FCI Ray Brook including, for example, alleged denial of access to the law library at that institution. (*See id.*, ¶¶ 107-111).

   Plaintiff's Motion should be denied as futile for several reasons. To begin with, leave to amend should be denied because plaintiff failed to exhaust his administrative remedies with respect to the new ADA claims. And even assuming that plaintiff had exhausted, his proposed new claims fail to state a claim under the ADA. Finally, the proposed Third Amended Complaint would violate Rule 8(a)(2) of the Federal Rules of Civil Procedure. Accordingly, the Court should deny plaintiff's request for leave to file the proposed Third Amended Complaint.

## PROCEDURAL HISTORY

   Plaintiff filed his Complaint in this action on December 28, 2004, asserting a claim under the FTCA for personal injuries allegedly caused by exposure to ETS at FCI McKean. (*See* Compl.) (Docket No. 5). As relief, plaintiff sought a declaratory judgment and compensatory damages in the amount of $10 million. He also sought an injunction to prohibit, *inter alia*,

defendants or their agents "from harassing, threatening, punishing or retaliating in any way against the Plaintiff because they filed this action or against any other prisoners because they submitted affidavits in this case on behalf of Plaintiff." (*Id.* at Wherefore Cl., ¶ 3(f).)[1]

On January 3, 2006, the United States of America filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, as well as a Motion for Substitution of Party, and a Motion to Strike Demand for Trial by Jury. (*See* Docket Nos. 46-51). In response, plaintiff filed a number of documents, including a "Motion for Preliminary Injunction with Affidavit to Support Against Retaliation" and a "Motion to Second Amend Complaint." (*See* Docket Nos. 62 and 64). Defendants argued that the preliminary injunction motion should be denied on the basis of improper venue, because plaintiff's motion complained of acts that occurred only at FCI Ray Brook, and because plaintiff failed to exhaust his administrative remedies. (*See* Docket No. 66). After plaintiff's motion for preliminary injunction was denied by this Court as moot, and that decision was affirmed by the district court, plaintiff filed a Notice of Appeal to the Court of Appeals for the Third Circuit. (*See* Docket Nos. 67, 69 and 73).

In the meantime, plaintiff was granted leave to file a Second Amended Complaint, and the United States' motions were denied without prejudice. (*See* Docket Nos. 71-72). In his Second Amended Complaint, plaintiff added a *Bivens* claim alleging that exposure to ETS violated his rights under the Eighth and Fourteenth Amendments to the Constitution. (*See* Second Am. Compl., ¶¶ 10-14). However, the Second Amended Complaint did not allege any damages, or indicate that plaintiff continued to assert any claim for retaliation. (*See id.*)

---

[1] Plaintiff subsequently filed a Motion to Amend Complaint Correcting Typographical Error and Adding Cure to Jurisdictional Deficiency, which was granted by Order dated May 9, 2005. (*See* Docket No. 7.)

Because plaintiff appealed the denial of his motion for preliminary injunction, defendants were not required to file their dispositive motion and/or responsive pleading to the Second Amended Complaint until after plaintiff's appeal was dismissed on December 14, 2006.  (*See* Docket No. 82).  On February 5, 2007, defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and argued in their Brief that plaintiff's *Bivens* and FTCA claims should be dismissed for multiple, independent reasons.  (*See* Docket Nos. 85-86).  Rather than making any substantive opposition to defendants' dispositive motion, on March 12, 2007, plaintiff filed his Motion to File Third Amended Complaint.  (*See* Docket No. 91).[2]

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given," but only "when justice so requires."  Fed. R. Civ. P. 15(a); *see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982) (explaining that "leave to amend should not be given automatically.").  Accordingly, the Supreme Court has instructed that such leave is inappropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413 (3d Cir. 1993) (quoting *Foman v. Davis,* 371 U.S. 178, 183 (1962)).

---

[2] Plaintiff did file a document entitled "Plaintiff's Opposition to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." (*See* Docket No. 90).  However, that pleading merely contains numbered responses that correspond to paragraphs in defendants' dispositive motion.  It provides no substantive opposition to the arguments in defendants' brief.

The determination as to whether leave to amend should be granted is committed to the sound discretion of the trial court. *See id.* The court must, however, provide justifying reasons if it decides to deny a request for leave to amend. *See id.*

## ARGUMENT

I.  **PLAINTIFF'S MOTION SHOULD BE DENIED AS FUTILE BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES REGARDING THE CLAIMS OF DISCRIMINATION AND RETALIATION UNDER THE ADA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. This administrative exhaustion requirement is mandatory and applies to all inmate suits regarding prison life. *See Porter v. Nussle*, 534 U.S. 516, 521-25 (2002) (PLRA mandates completion of any prison administrative remedy process capable of addressing an inmate's complaint and providing some form of relief); *Booth v. Churner*, 532 U.S. 731, 736 (2001) (exhaustion requirement applies to all inmate suits about prison life); *Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000) (PLRA makes exhaustion mandatory in all cases).

In this case, plaintiff's proposed new claim under Title II of the ADA relates to prison conditions because challenges the smoking policies at FCI McKean. Likewise, his proposed retaliation claim under Title V of the ADA relates to prison conditions, including his transfer to FCI Ray Brook and access to the law library at that institution. Under the PLRA, plaintiff must therefore demonstrate that he has exhausted all of his available administrative remedies with respect to these new ADA claims. *See* 42 U.S.C. § 1997e. This exhaustion requirement is no

different as applied to ADA claims. Indeed, the plain language of § 1997e(a) requires prisoner actions under "any" federal law to meet the exhaustion requirement. Further, courts have specifically determined that the PLRA's exhaustion requirement applies to inmates alleging ADA violations. *See Jones v. Smith*, 109 Fed. Appx. 304, 307-08 (10th Cir. 2004) (finding that PLRA exhaustion requirement applies to prisoner's ADA action); *Kearns v. Johnson County Adult Detention Ctr.,* No. 05-3490-SAC. 2006 WL 148889, at *2 (D. Kan. January 19, 2006) (same).

Applied here, however, plaintiff has failed to exhaust his available administrative remedies regarding the issues of alleged disability discrimination or retaliatory or discriminatory transfer in violation of the ADA. (*See* Decl. of Rosaline Bingham, ¶ 5 (attached as Exhibit A)). Because the proposed new claims could not survive a motion to dismiss based on failure to exhaust administrative remedies, Plaintiff's Motion should be denied as futile. *See Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir. 1988) (explaining that amendment of a complaint is futile "if the amended complaint cannot withstand a motion to dismiss.").

II.     **LEAVE TO AMEND SHOULD ALSO BE DENIED AS FUTILE BECAUSE PLAINTIFF CANNOT STATE A CLAIM FOR RELIEF UNDER THE ADA**

Even assuming that plaintiff had exhausted his available administrative remedies regarding his new ADA claims, he should not be permitted leave to assert such claims because the ADA does not apply to federal prisons or other federal entities. *See* 42 U.S.C. § 12132 (prohibiting discrimination by a "public entity") and § 12131 (defining "public entity" to include only "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title

49)."); *see Fulton v. United States,* 198 Fed. Appx. 210, 215-16 (3d Cir. 2006) (per curiam) (finding that Title II of the ADA does not apply to prisons operated by the federal government). Because plaintiff's proposed new ADA claims would not survive a motion to dismiss, leave to amend should be denied as futile.

To be sure, actions alleging disability discrimination against the United States may be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq* (the "Rehabilitation Act"). But even if plaintiff's proposed new claim were construed liberally to allege a claim under section 501 of the Rehabilitation Act, 29 U.S.C. § 794, this provision "does not give plaintiff any substantive rights since the Federal Bureau of Prisons does not fit the definition of 'programs or activities' governed by that section." *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).³ Moreover, to state a violation of the Rehabilitation Act, a plaintiff must establish each of the following elements: that he or she (1) was a "handicapped person"; (2) was "otherwise qualified" to participate in the job or program; (3) was denied or excluded "solely by reason of his/her disability" and (4) the program or activity received federal funds. *See Burns v. City of Columbus,* 91 F.3d 836, 841 (6th Cir. 1996); *Calloway v. Glassboro Department of Police,* 89 F. Supp. 2d 543, 551 (D.N.J. 2000).

In this case, plaintiff cannot establish even the first element for stating a claim under the Rehabilitation Act – *i.e.*, that he is a "handicapped person." An "individual with a disability" is defined under the Rehabilitation Act as any person who "(I) has a physical or mental impairment

---

³Section 501 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B). According to the proposed Third Amended Complaint, plaintiff has the following "disability": (1) he is an imprisoned inmate; (2) he is allegedly a nonsmoking inmate exposed to ETS; and (3) exposure to ETS allegedly exasperated his previously-contracted sexually transmitted disease. (*See* Proposed Third Am. Compl., ¶ 82). But none of these allegations establish that plaintiff has a physical or mental impairment which substantially limits one or more of his major life activities. *See* 29 U.S.C. § 705(20)(B). Nor has plaintiff even alleged – let alone established – any of the remaining elements for a violation of the Rehabilitation Act.

Because plaintiff has failed to allege a cognizable claim under the ADA or the Rehabilitation Act, his proposed Third Amended Complaint should be denied as futile.[4]

## III.    ADDITIONALLY, PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT VIOLATES FED. R. CIV. P. 8(A)

Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Weighing in at 55 pages, 146 paragraphs and 24 exhibits, plaintiff's proposed

---

[4]Plaintiff should also be denied leave to add the ADA retaliation claims because venue is not proper in this Court. The alleged retaliation about which plaintiff complains occurred at FCI Ray Brook, and that institution is located in Essex County, New York; therefore, the proper venue for such claims would be in the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1402(b); 28 U.S.C. 112(a) (Essex County located within the territorial District of the United States District Court for the Northern District of New York). Moreover, because these retaliation claims arose at FCI Ray Brook and are separate from plaintiff's complaints regarding smoking policies at FCI McKean, plaintiff should be permitted to raise them only by filing a new Complaint in that venue. *See* Fed. R. Civ. P. 20(a) (allowing permissive joinder only if the plaintiff's right to relief against each defendant relates to or arises out of the same transaction or series or transactions, *and* if any question of law or fact common to all defendants will arise in the action).

Third Amended Complaint is by no means "short and plain." Moreover, many of the assertions are mere argument, such as those reviewing conflict of laws statutes and concluding that the Court should apply the law of the District of Columbia. (*See, e.g.,* Proposed Third Am. Compl., ¶¶ 81, 126-30). Other facts have no relation to the claims asserted. (*See, e.g., id.,* ¶ 66) ("The fact that Plaintiff was young, fertile, and full of health, did not bring the occurrence to mind of death. Death imagined in a prison setting had been one where an adversary was wielding a home made knife."). For example, plaintiff alleges that he "took an interest in hydroponics" and attaches a certificate for hydroponics and appendix of glossary. (*See id.,* ¶ 65 and Exhibit 4a).

      Because the proposed Third Amended Complaint violates Rule 8(a)(2), leave to amend should be denied as futile. *See Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal proposed amendments that were "confusing, distracting, ambiguous and unintelligible."); *Sleigh v. Charlex, Inc,* No. 03 Civ. 1369 (MBM), 2004 WL 2126742, at *8-9 (S.D.N.Y. Sept. 14, 2004) (dismissing lengthy, unclear complaint under Fed. R. Civ. P. 8(a) and denying leave to amend); *see also See Loftus v. SEPTA,* 843 F. Supp. 981, 987 (E.D. Pa. 1994) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8(a)).

## CONCLUSION

For all the foregoing reasons, this Court should deny plaintiff's Motion to File Third Amended Complaint.

    Respectfully submitted,

    MARY BETH BUCHANAN
    United States Attorney

    s/ Megan E. Farrell
    MEGAN E. FARRELL
    Assistant U.S. Attorney
    Western District of PA
    700 Grant St., Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7429
    PA ID # 76972

    Counsel for defendants

Dated: March 22, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2007, a true and correct copy of the within Defendants' Opposition to Plaintiff's Motion to File Third Amended Complaint was served via first-class mail upon the following:

> Demetrius Brown
> #21534-039
> FCI Ray Brook
> P.O. Box 9001
> Raybrook, NY 12977

>                                         s/ Megan E. Farrell
>                                         MEGAN E. FARRELL
>                                         Assistant U.S. Attorney