# Exhibit A

Case 1:04-cv-00379-SJM-SPB   Document 93-2   Filed 03/22/2007   Page 1 of 3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BROWN,<br>　　　　Plaintiff, | :<br>:<br>: |
| - v - | :    Civil Action No.04-379 (Erie) |
| UNITED STATES DEPARTMENT<br>　OF JUSTICE, et al.,<br>　　　　Defendants. | :<br>:<br>:<br>: |

### DECLARATION OF ROSALIND BINGHAM

I, Rosalind Bingham, do hereby declare, certify and state as follows:

1. I am a Paralegal Specialist for the Federal Bureau of Prisons, Northeast Regional Office. I have held this position since January 2001. As a Paralegal Specialist, I have access to I most records maintained in the ordinary course of business at the Federal Bureau of Prisons Northeast Regional Office.

2. I am familiar with Bureau of Prisons policies and procedures pertaining to the processing of administrative remedies under 28 C.F.R. § 542.10, et seq.

3. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

4. In the ordinary course of business, computerized indexes of all administrative requests and appeals filed by inmates are maintained in the Bureau of Prisons computerized database so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue. In addition to the computerized database, hard copies of all administrative remedies in which an inmate has appealed at least to the Northeast Regional Office are maintained in the ordinary course of business in the Bureau of Prisons Northeast Regional Office. I have access to both the above-described computerized database as well as the hard copies of the above-described administrative remedies.

5. On or about March 14, 2007, in connection with the above-captioned litigation, I accessed the computerized indexes and hard copies of the administrative remedies filed by Demetrius Brown, Reg. No. 21534-039, to determine whether he had attempted to exhaust the highest level of administrative appeal regarding any of the following issues: (1) discrimination based upon physical disability at the Federal Correctional Institution (FCI) McKean; (2) violations of the Americans with Disability Act (ADA); (3) retaliation by staff at FCI McKean based upon his filing of administrative remedies or civil actions; and (4) discriminatory or retaliatory transfer from FCI McKean to FCI Ray Brook.

6. Following a search of inmate Brown's administrative remedy index, I determined that he has not exhausted his available administrative remedies regarding any of the four issues identified above.

I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 14th day of March, 2007.

Rosalind Bingham
Paralegal Specialist
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, Pennsylvania