IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

DEMETRIUS BROWN,                      )
     Plaintiff,                      )
                                 )
                                 )
    v.                               )   Civil Action No. 04-379 Erie
                                 )
UNITED STATES,                        )
U.S. JUSTICE DEPARTMENT,              )
BUREAU OF PRISONS (BOP),              )
FCI McKEAN, HARLEY G. LAPPIN-         )
Director of BOP, NEWTON E.            )
KENDIG- Medical Director of BOP,)
D. SCOTT DODRILL- Northeast Reg-)
ional Director of BOP, JOHN J.        )
LAMANNA- Warden of FCI McKean,        )
     Defendants.                     )

**PLAINTIFF'S REPLY WITH AFFIDAVIT TO SUPPORT
AGAINST DEFENDANTS' OPPOSITION TO HIS MOTION
TO FILE THIRD AMENDED COMPLAINT**

     **COMES NOW,** <u>DEMETRIUS BROWN</u>, herein as Plaintiff, proceeding Pro-Se, hereby moves this Honorable Court, the United States District Court for the Western District of Pennsylvania in Reply with Affidavit to support against Defendants' Opposition to his Motion to File Third Amended Complaint pursuant to Fed.R.Civ.P. Rule 12(a)(2). In support, Plaintiff states the following:

     1. Plaintiff affirms in paragraph one (¶1) of Defendants' Opposition that he initially filed a complaint in this action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671 et. seq. alleging personal injuries caused by []

exposure to second-hand smoke or Environmental Tobacco Smoke ("ETS"). Plaintiff however, denies that his exposure to ETS is only limited to his incarceration at the federal prison located at in McKean County, Pennsylvania ("FCI McKean"). Plaintiff affirms that he has also been exposed to ETS after transferring to another federal prison located in Essex County, New York ("FCI RayBrook"). Additionally, Plaintiff denies seeking <u>leave</u> of court to file his Third Amended Complaint. Plaintiff affirms that leave had already been given freely by the Courts Order dated 2/5/07. See **Exhibit A**. As such, Plaintiff affirms his Motion to File Third Amended Complaint was at best an informal instruction to a moot issue. See **Motion to File Third Amended Complaint at ¶3**. Further, Plaintiff affirms that because Defendants were given the opportunity to oppose the Court's Order dated 2/5/07, granting him the right to file or amend complaint, within 10 days- Defendants are now estopped to opposing amendment. Therefore, Plaintiff denies Defendants should have a later opportunity to oppose that his amendment is futile or that it should be denied as futile.

   2. Plaintiff denies in paragraph two (¶2) of Defendants' Opposition that his Motion "<u>argues</u> [] another amendment should be permitted..." Plaintiff affirms that his Motion to File Third Amended Complaint merely <u>moved</u> the Court to an issue already moot whereby earlier the Court freely granted Plaintiff leave to file amended complaint. Plaintiff denies in paragraph two (¶2) of the Defendants' Opposition that his Third Amended Complaint goes far

beyond any effort to cure procedural defects. Plaintiff affirms that his Third Amended Complaint asserts primarily the factual issues affirmed in previous complaints except with more particularity and degree of certainty, as well as to assert the jurisdictional statements that were previously missing. For this reason, Plaintiff denies that he seeks to add new claims under the Americans with Disability Act ("ADA"), 42 U.S.C. §[12101] et. seq. Plaintiff affirms in paragraph two (¶2) of Defendants' Opposition that his Third Amended Complaint states a claim under Title II of the ADA that [he] is ... disabled," however, Plaintiff denies that FCI McKean's smoking policy (alone) discriminates against him on the basis of his disability. Plaintiff affirms that it is each of the Defendants named in his Third Amended Complaint who are the ones who have discriminated against Plaintiff on the basis of his disability. See **Third Amended Complaint**. Plaintiff affirms in paragraph two (¶2) of the Defendants' Opposition that his Third Amended Complaint states a claim for Retaliation under Title V of the ADA, however, Plaintiff denies that retaliation was <u>based</u> on his transfer... or various other actions taken by correctional officers at FCI RayBrook. Plaintiff affirms that retaliation was <u>based</u> on his disability which resulted in him being transferred... and on various other actions taken by correctional officers at FCI RayBrook etc... See **Third Amended Complaint**.

    3. Plaintiff denies in paragraph three (¶3) of the Defendants' Opposition that his Motion to File Third Amended Complaint should be denied as futile for the several reasons stated. Plaintiff denies that

leave to amend should be denied for failure to exhaust administrative remedies with respect to the ADA claims. Plaintiff affirms that as previously stated, he does not seek <u>leave</u> for trhe very fact that the Court already granted leave to amend complaint to which Defendants in this regard defaulted time to respond in any way. That therefore, Plaintiff affirms the Motion to <u>File</u> and not to <u>Amend</u> is the issue as for which any request to amend would be a moot issue. Secondly, Plaintiff denies that he has failed to exhaust his Administrative Remedies with respect to the ADA claims. Plaintiff affirms that exhaustion of Administrative Remedy may not be necessary against the official capacity of the Defendants under the ADA. Plaintiff, however, affirms that if indeed necessary, he has submitted and exhausted Administrative Remedies against Defednats for variably Discriminating and Retaliating against him in his requests for separation of non-smokers from smokers. See **Third Amended Complaint + Exhibits 1(a-e)**. Also, Plaintiff affirms he has submitted and exhausted Administrative Remedies against Defendants for Discrimination and Retaliation dis-tinctly, which <u>resulted</u> in various acts to name the least. See **Exhibit B**. Thirdly, Plaintiff denies that his claims fail to state a claim under ADA. Plaintiff affirms that he is Pro-Se and therefore is qualified to have his pleadings held to less stringent standards than Professional Lawyers. Plaintiff affirms that in this event, his claims may be interpreted to state a claim under the parallel law of the Rehabilitation Act of 1973, 29 U.S.C. §794. That, Plaintiff affirms he meets the elements of the Act as according to the facts attested

to in his Third Amended Complaint with exhibits to support as noting also Defendants' failure to rebut with evidence to the contrary of Plaintiff meeting the elements of the Act. Lastly, Plaintiff denies that his Third Amended Complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff affirms that his Third Amended Complaint is short and concise considering his pro-se status and the fact that eight defendants including the United States are complained of here, each in their official and individual capacities therefore, giving cause where length in terms of volume is necessary. But yet, short and concise in the nature of each paragraph affirmed. Plaintiff affirms that Defendants' initial answer for response consisted of 43 pages with 87 exhibit pages and, its second response submitted consisted of 39 pages with 149 exhibit pages; numbers not far from the number of pages Pro-Se Plaintiff submitted despite the professional degree and resource equipment Defendant Counsel has.

**WHEREFORE,** Plaintiff denies that the Court should deny Plaintiff's Motion to File Third Amended Complaint. Plaintiff affirms, instead, that this Court should Grant Plaintiff's Motion to File Third Amended Complaint or at best affirm that leave to amend is moot as the Court has already granted leave.

I, <u>DEMETRIUS BROWN</u> hereby affirm and declare under penalty of perjury, 28 U.S.C. §1746, that the foregoing is true and correct.

3-30-07
Dated

/s/ Demetrius Brown

cc:file
db/db

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

DEMETRIUS BROWN,                )
      Plaintiff,              )
                                )
                                )
    v.                          )    Civil action No. 04-379 Erie
                                )
UNITED STATES,                  )
U.S. JUSTICE DEPARTMENT,        )
BUREAU OF PRISONS (BOP),        )
FCI McKEAN, HARLEY G. LAPPIN-   )
Director of BOP, NEWTON E.      )
KENDIG- Medical Director of BOP,)
D. SCOTT DODRILL- Northeast Reg-)
ional Director of BOP, JOHN J.  )
LAMANNA- Warden of FCI McKean,  )
      Defendants.             )

ORDER

**AND NOW,** this _____ day of April, 2007;

Defendants having filed Opposition to Plaintiff's Motion to File Third Amended Complaint;

**IT IS HEREBY ORDERED THAT** DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT is **DENIED AS MOOT** whereby the Court has issued Order on 2/5/07 freely granting leave of the Plaintiff to Amend Complaint and whereby Defendants have failed to appeal within 10 days.

**IT IS FURTHER ORDERED THAT** therefore, DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT in all other respects is **DENIED.**

**IT IS FURTHER ORDERED THAT,** the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within (10) days may constitute waiver of the right to appeal.

/s/ _____

cc: All parties of record