IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BROWN ) | |
| ) | |
| ) | |
| vs. ) | C.A. No. 04-379 Erie |
| ) | |
| ) | |
| UNITED STATES JUSTICE DEPT. ) | |

## MEMORANDUM ORDER

### PROCEDURAL HISTORY

On December 28, 2004, Plaintiff, a federal inmate formerly incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed a *pro se* action, raising civil rights claims pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), as well as negligence claims under the Federal Tort Claims Act. Named as Defendants are: "U.S. Justice Department"; Bureau of Prisons; FCI-McKean; John Lamanna, former Warden of FCI McKean; Scott Dodrill, Regional Director of Bureau of Prisons; Harley Lappin, Director of Bureau of Prisons; and Dr. Newton Kendig, Medical Director of Bureau of Prisons.

In his original and first amended complaints, Plaintiff alleges that his exposure to second-hand smoke or Environmental Tobacco Smoke ("ETS") while incarcerated at FCI-McKean was negligent and further that such exposure violated his constitutional rights under the Eighth and Fourteenth Amendments.

This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

By Report and Recommendation dated August 27, 2007, Magistrate Judge Baxter recommended that Defendants' motion to dismiss or for summary judgment [Document # 85] be granted and that Plaintiff's motion to file a "third amended complaint" [Document # 91] be denied as futile. Document # 97.

## *DE NOVO* REVIEW

On September 12, 2007, Plaintiff filed Objections to the Report and Recommendation. Document # 98. Plaintiff raised several objections to the Magistrate Judge's Report and Recommendation not all of which need to be addressed herein. As to the recommendation that the motion to file an amended complaint be denied as futile, Plaintiff argued that he had exhausted two proposed claims (an ADA/Rehabilitation Act claim and a retaliation claim), contrary to the Magistrate Judge's analysis.

### The Proposed Retaliation Claim

In his proposed amended complaint, Plaintiff alleges that his transfer from FCI-McKean to FCI-Raybrook was retaliatory. See Document # 91. Magistrate Judge Baxter recommended that Plaintiff not be allowed to amend his complaint in this regard as Plaintiff had not administratively exhausted this claim in accordance with the requirements of the Prison Litigation Reform Act.[1] In his Objections, Plaintiff argues that he has fully exhausted this claim

---

[1] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.
> (continued...)

and cites to evidence in support of his argument.[2]

A review of Plaintiff's evidence reveals that although Plaintiff administratively complained about a transfer, it was unrelated to any alleged retaliatory transfer from FCI-McKean involving his outspokenness about ETS. See Document # 94-2. Plaintiff was transferred from FCI-McKean to FCI-Raybrook in October of 2004. Document # 5, ¶ 2. The record reflects that Plaintiff did administratively exhaust **a claim** regarding the lack of a transfer into a lower level security institution; specifically, he complained that his requests for a transfer to a lower level security institution were repeatedly denied. This administrative claim was filed

---

(...continued)
Id. This provision applies to any suit challenging prison conditions. Porter v. Nussle, 534 U.S. 516, 524 (2002).

[2] No analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. at ___, 127 S.Ct. 910, 922-23 (January 22, 2007).

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

in January of 2007 over twenty-six months after Plaintiff had been transferred from FCI-McKean. Plaintiff's contention that he has exhausted his claim involving a retaliatory transfer is, at a minimum, disingenuous.

### The Proposed ADA/Rehabilitation Act

In his proposed amended complaint, Plaintiff attempts to bring a claim under the Americans with Disabilities Act (or possibly the Rehabilitation Act) claiming that the continuous exposure to ETS has "exasperated [sic] his previously contracted sexually transmitted disease." Document # 91-2, Proposed Amended Complaint, page 33. Plaintiff takes issue with Magistrate Judge Baxter's recommendation that this proposed amendment be denied as futile due to his failure to exhaust the claim pursuant to the PLRA. Specifically, Plaintiff avers that because he exhausted his *Bivens* claim arising out of the same core facts, this proposed ADA claim should also exhausted. Document # 98, page 18. Alternatively, Plaintiff argues that even if his *Bivens* exhaustion does not count toward the PLRA requirement, the exhaustion of his negligence claim under the Federal Tort Claims Act should suffice. Id.

"A grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." Kikumura v. Osagie, 461 F.3d 1269, 1285 (10th Cir. 2006). A review of Plaintiff's administrative claims does not reveal any mention of an ADA or Rehabilitation Act-type claim. Instead, Plaintiff only complained that "cancer has had the opportunity to develop" during the time of his incarceration, not that any pre-existing medical problem was being exacerbated by exposure to ETS. Here, Plaintiff's administrative grievance complaining of general exposure to ETS is insufficient to put prison officials on notice (and importantly, afford them an opportunity to remedy) Plaintiff's claim of an exacerbation of an existing "disability". "The benefits of

exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Bailey-El v. Federal Bureau of Prisons, 2007 WL 2461764 (3d Cir. August 28, 2007) quoting Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006). Here, this did not happen. Similarly, the filing of an administrative tort claim alleging negligence for purposes of exhaustion under the FTCA will not suffice for exhaustion of the ADA or Rehabilitation Act claim.

AND NOW, this 24th day of September, 2007;

Following a *de novo* review of the record in this case, IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter [Document # 97] is adopted as the opinion of this Court.

IT IS FURTHER ORDERED that the Clerk of Courts close this case.

    S/ Sean J. McLaughlin
    SEAN J. McLAUGHLIN
    UNITED STATES DISTRICT JUDGE