BLD-130
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3995
_____

DEMETRIUS BROWN,
Appellant

v.

U.S. JUSTICE DEPARTMENT;
BUREAU OF PRISONS;
FCI MCKEAN;
JOHN J. LAMANNA, Warden;
D. SCOTT DODRILL, Regional Director;
HARLEY G. LAPPIN, Director of BOP;
DR. NEWTON E. KENDING, Medical Director

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00379)
District Judge: Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Filed: April 1, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Demetrius Brown, a federal prisoner formerly housed in the Federal Correctional Institution at McKean ("FCI–McKean"), sued the "U.S. Justice Department"; the Bureau of Prisons ("BOP"); FCI–McKean; John Lamanna, the former warden of FCI–McKean; Scott Dodrill, the Regional Director of the BOP; Harley Lappin, the Director of the BOP; and Dr. Newton Kendig, the Medical Director of the BOP. In brief, he alleged that exposure to environmental tobacco smoke ("ETS") in FCI–McKean violated his rights under the Eighth and Fourteenth Amendments.[1] He invoked the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

After Brown filed an amended complaint, Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. Brown opposed their motion and sought to file a second amended complaint. The Magistrate Judge recommended that Defendants' motion be granted and Brown's motion to file a second amended complaint be denied as futile. Over Brown's objections, the District Court adopted the Magistrate's report and recommendation. Brown appeals, and Defendants/Appellees move for summary action.

We grant the motion for summary action; we will summarily affirm the District

---

[1] As the parties are familiar with the facts, we will only refer to them as they become necessary to our analysis.

Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. We exercise plenary review over the District Court's ruling on Defendants' motion. See Abramson v. William Patterson College, 260 F.3d 265, 276 (3d Cir. 2001); Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We review the District Court's decision to deny leave to amend for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).

The District Court properly dismissed any Bivens claims against the "U.S. Justice Department," the BOP, and FCI–McKean. See FDIC v. Meyer, 510 U.S. 471, 485 (1994). Similarly, any FTCA claims failed against the named Defendants, as the only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq..

The District Court properly granted summary judgment in favor of the remaining Defendants on Brown's Eighth Amendment claims. Liability based on exposure to ETS requires proof of (1) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure to ETS. Helling v. McKinney, 509 U.S. 25, 35 (1993). Brown alleged that Defendant Lamanna implemented the smoking policy that resulted in his ETS exposure; Defendant Dodrill allowed the policy to stand despite his "authority to disapprove such"; Defendant Kendig "failed to curb non-compliance for indoor smoking beyond those times

3

specified by policy"; and Defendant Lappin "allowed smoking Bureau-wide" despite an Executive Order declaring that smoking "cease and desist" in all federal buildings. In his response to Defendants' motion, he contended that inmates smoked in the tier of cells reserved for non-smoking inmates and that staff broke rules against smoking by smoking "in offices, in front of door ways, air ducts, and walkways where inmates were forced to pass." He also claimed that there was virtually no enforcement of the smoking policy.[2]

As the District Court concluded, despite Brown's general claims, he did not specify how he was exposed to levels of ETS that pose an unreasonable risk of damage to his future health.[3] Compare, e.g., Helling, 509 U.S. at 35 (holding that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm from ETS exposure), and Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir. 2003) (holding that a prisoner who claimed that he had shared a cell with constant smokers for many months stated a claim for a violation of a clearly established right) with Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS) and Pryor-El v. Kelly, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS

---

[2] Although Brown was an inmate of FCI–McKean from July 1997 to October 2004, and discusses his experiences at FCI–McKean throughout that time period, he limited his claims to those that arose after December 28, 2002, as the District Court noted. In any event, as Defendants argued, the applicable statutes of limitations barred any of Brown's claims accruing before that date.

[3] Also, his medical records do not reveal any past or current complaints related to ETS exposure.

claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room'"). See also Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001) ("The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans.")

The District Court also properly denied Brown's motion for leave to amend his complaint a second time because amendment would have been futile.[4] Leave to amend should be granted unless amendment is futile or inequitable. See Grayson, 293 F.3d at 106.

In motion to amend, Brown sought to add the United States as a defendant. Although the United States is the only proper defendant to an FTCA suit, the United States retains immunity from liability for acts or omissions of its employees based on their exercise or performance of discretionary functions and duties. See 25 U.S.C. § 2680(a). To determine if the discretionary function exception applies, a court must first determine if the challenged conduct involves an "'element of judgment or choice.'" See Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000) (citing United States v. Gaubert, 499 U.S. 315, 322-23 (1991) and Berkovitz v. United States, 486 U.S. 531, 536

---

[4]Despite filing a motion to amend (his "motion to file third amended complaint"), Brown advanced an argument in his objections to the report and recommendation that he had a right to file his second amendment as a matter of course. However, Rule 15 of the Federal Rules of Civil Procedure does not support his contention. See Fed. R. Civ. P. 15(a).

5

(1988), and noting that there is no element of judgment or choice if "'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow'"). If the challenged conduct involves an element of judgment, a court must go on to consider "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Id. (citations omitted).

The pertinent federal regulations instruct the BOP to restrict areas where smoking is permitted at its facilities. See 28 C.F.R. § 551.160 et seq.. For most of Brown's stay at FCI–McKean, and while Defendant LaManna was the warden, prison wardens retained discretion under the regulations to designate indoor as well as outdoor smoking areas. As the District Court explained (albeit with a more detailed recitation of the specifics of the regulations), the explicit grant of discretion means that an element of judgment or choice was involved in the challenged conduct. We agree with the District Court that the grant of discretion and the stated policy considerations (relating to improving the air and protecting the health and safety of staff and inmates, see 28 C.F.R. § 551.160) make the judgment the kind that the discretionary function exception is meant to shield. See Gaubert, 499 U.S. at 322-24.

Allowing Brown's other proposed claims, that his transfer from FCI–McKean to FCI-Raybrook was retaliatory[5] and that he was discriminated against under the Americans

---

[5] He also described a "program of retaliation" at FCI–Raybrook "instituted by the U.S. Justice Department" and the Central Office of the BOP. However, any Bivens or FTCA claims against those entities could not go forward, for the reasons given above. He

6

with Disabilities Act ("ADA") (as a non-smoking inmate whose sexually transmitted disease worsened because of ETS exposure), would have been futile because he did not exhaust them in the prison's administrative-remedy scheme. A prisoner who challenges prison conditions must exhaust available administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e; Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006); Booth v. Churner, 532 U.S. 731, 739 (2001). Defendants put forth evidence that Brown did not exhaust his administrative remedies for his claims of retaliatory transfer and an ADA violation. We agree with the District Court that Brown's evidence that he exhausted a claim about a transfer related to his grievance about a decision to deny him a transfer to a lower security institution (more than two years after he was transferred from FCI–McKean), which did not put Defendants on notice of a retaliatory transfer claim. We also agree with the District Court that Brown's mention that "cancer has had the opportunity to develop" in relation to his ETS claim in the administrative proceedings

---

also alleged that he was housed in FCI–Raybrook in a six-person cell with three prisoners who smoked continuously over a period of eight months. He does not, however, connect his FCI–Raybrook ETS claim to the Defendants subject to a Bivens action in this suit. Although his references to the Equal Protection clause in his prolix amendment may be merely in support of his ADA cause of action, he may also raise an Equal Protection claim, namely that prison staff have greater restrictions on where they can smoke than prison inmates do. He believes his rights are violated by this policy because it means that non-smoking staff members are better protected against ETS than non-smoking inmates. However, a rational reason for this policy, for instance, allowing prisoners, who cannot smoke outside the prison grounds like staffers can, a place to smoke, satisfies our inquiry into the matter. In any event, it does not necessarily seem plausible that staffers could better avoid the discrete areas where smoking is allowed than other prisoners could.

7

was insufficient to alert Defendants to an ADA (or Rehabilitation Act) claim based on the exacerbation of a sexually transmitted disease.

In conclusion, the District Court properly granted Defendants' motion to dismiss or, in the alternative, motion for summary judgment, and denied Brown's motion for leave to amend his complaint. Accordingly, we grant the motion for summary action, and we will affirm the District Court's judgment.